LARSON v. GUARANTY TRUST CO. OF DETROIT.

MORTGAGES—FORECLOSURE BY ADVERTISEMENT—ADJOURNMENT—SET-
TING ASIDE SALE.

> Where sale of land under foreclosure by advertisement was
> enjoined on day set for sale, and no sale was had or announce-
> ment of adjournment made relative thereto, but later injunc-
> tion was dissolved and notice of sale again published in
> paper in which former notice appeared and sale had there-
> under, mortgagees under second mortgage are not entitled,
> after expiration of redemption period, to have said sale set
> aside, on ground that it was invalid under 3 Comp. Laws
> 1915, § 14954, in absence of showing that they had been
> injured by adjournment, or reason shown for not redeeming
> from sale or for not adopting adequate means of protection
> open to them. CLARK and SHARPE, JJ., dissenting.

Appeal from Wayne; Reid (Neil E.), J., presid-
ing. Submitted June 14, 1929. (Docket No. 58,
Calendar No. 34,385.) Decided October 7, 1929.

Bill by Clarence E. Larson and another, as second
mortgagees, against Guaranty Trust Company of
Detroit and another to enjoin conveyance of land
claimed by virtue of foreclosure proceedings. From
a decree for defendants, plaintiffs appeal. Affirmed.

*A. Joseph Seltzer,* for plaintiffs.

*Hunt, Field & Chase,* for defendants.

SHARPE, J. (*dissenting*). The defendant trust
company began proceedings by advertisement to
foreclose a mortgage executed by Julius Rosenfeld
and Rebecca Rosenfeld, his wife, on certain real es-

tate in Detroit. The date fixed for the sale was August 12, 1927, at 12 o'clock noon. On that day the Rosenfelds secured an injunction ordering the trust company to "absolutely desist and refrain from selling, or otherwise proceeding with the foreclosure sale * * * excepting by bill or cross-bill to foreclose in chancery until the further order of this court." This injunction was served on the trust company at 11.29 a. m. They at once sent it to their attorney, who was then at the place of sale. The sale was not had, nor was any adjournment had or announcement made relative thereto. A few days later the attorneys for the trust company secured a consent from the attorneys for the Rosenfelds to modify the injunction to permit a postponement of the sale, and an order to that effect was made. The advertisement appeared the next week, and thereafter in the paper in which it had been published, with a notice appended thereto that the sale had been adjourned from the 12th day of August, 1927, to the 2d day of September, 1927, at the same hour and place. On the date last named, sale was had and the property bid in by the trust company for the sum of $84,713.62, and a sheriff's deed executed therefor. The injunction had theretofore been dissolved.

On September 12, 1928, and after the time for redemption from such sale had expired, the plaintiffs, who are the owners of a second mortgage on said premises executed by the Rosenfelds, filed the bill of complaint herein, praying that the sale to the trust company "be decreed to be null and void," and that it be enjoined from conveying the premises to a *bona fide* purchaser or incumbering the same.

Decision hinges on the effect of the published notice of the postponement of the sale. The plaintiffs

as second mortgagees had a direct interest in the sale of the property under the notice as published. Had bidders been present and the property sold for sufficient to satisfy both mortgages, their claim would have been secured. Section 14954, 3 Comp. Laws 1915, provides:

"Such sale may be postponed from time to time, by inserting a notice of such postponement, as soon as practicable, in the newspaper in which the original advertisement was published, and continuing such publication until the time to which the sale shall be postponed, at the expense of the party requesting such postponement."

Foreclosure by advertisement is statutory, and the provisions relating thereto must be at least substantially complied with. *Grover* v. *Fox,* 36 Mich. 461. The purpose of advertising the property for sale for so long a time is to secure wide publicity so that persons interested in such a class of property may be present and bid thereon. A fair construction of the statute requires that a notice of adjournment following the notice of sale shall be published before the day fixed for the sale, or, if the intention to adjourn or necessity therefor is not apparent until the day of sale, that public announcement thereof, and of the time to which such adjournment shall be had, be then and there made and the notice thereof be thereafter published following the notice of sale until such time shall arrive. Pursuing either of these courses gives the necessary notice to prospective bidders and insures that public sale provided for by the statute. A prospective bidder who had appeared at the time and place fixed for this sale might well have concluded, when no postponement was announced, that the property had been withdrawn

from sale, and give the matter no further attention.

This provision in our statute is similar to that of the State of New York (2 R. S. N. Y. 546, § 5), and received the same construction we have placed upon it in *Miller* v. *Hull*, 4 Denio (N. Y.), 104.

The decree entered dismissing plaintiffs' bill should be reversed and set aside, and one should be here entered granting the relief prayed for in the bill of complaint, with costs of both courts to appellants.

CLARK, J., concurred with SHARPE, J.

WIEST, J. I am not in accord with Mr. Justice SHARPE'S construction of the statute, and consequently dissent from his holding.

The injunction was confessedly too broad, as it should have permitted an adjournment of the sale. The injunction was served the very day fixed for the sale, and, therefore, no opportunity was afforded for asking the court to permit an adjournment. I do not think that the defendants should be penalized for obeying the letter of the injunction. Surely, plaintiffs should be required to show some injury occasioned by an adjournment or reason for not redeeming from the sale made or for not adopting adequate means of protection open to them as holders of a second mortgage.

The decree below is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, McDONALD, and POTTER, JJ., concurred with WIEST, J. The late Justice FELLOWS took no part in this decision.