CITY LUMBER CO v. HOLLANDS.

1. USURY—EQUITY—FORECLOSURE OF LAND CONTRACT—VENDOR AND PURCHASER—CONTRACTS.

Where complainant purchased property on which it held a mechanic's lien, at foreclosure sale, and obtained a deed from the owner of the fee, in settlement of his right to redeem, also giving to the contractor and owner a lease in which an option to purchase and a bonus of $1,000 was included as a part of the purchase price to be paid by the vendee over and above the amount which would have been required to redeem at that time, complainant was entitled to foreclose the contract for the agreed consideration, and the amount claimed to be a bonus could not be treated as usurious.

2. SAME—DEEDS—CONVEYANCES—MORTGAGE.

Defendant's deed to complainant conveyed an absolute title and he had merely an option of purchase and a lease; the transaction did not amount to a mortgage, legally or equitably.

3. VENDOR AND PURCHASER—EQUITY—FORECLOSURE OF CONTRACT—CONDITIONS—DECREE.

In a decree of foreclosure of a land contract in the provisions of which a default had occurred, the trial court properly included in the provision for redemption a con-

dition that the defendant should pay a prior mortgage, outstanding against the property, protecting the defendant's rights by requiring complainant to deliver to defendant a discharge of the lien.

4. SAME—REDEMPTION—INSURANCE.

Nor did the court err in allowing to the complainant only the amount of insurance necessary to protect its debt, although it had obtained a larger amount of insurance, on the real property and although the contract provided that the buyer should keep the buildings insured in manner and amount approved by the vendor.

5. SAME—REDEMPTION.

A decree of the lower court foreclosing a contract of lease and option to purchase as a mortgage, treating the transaction as having been executed to secure an existing obligation, may be affirmed on appeal, except as to the provision for redemption which need not be for so long a time as in case of mortgage foreclosure.

Appeal from Wayne; Mandell, J. Submitted April 10, 1914. (Docket No. 27.) Decided July 24, 1914.

Bill by the City Lumber Company against Harry F. Hollands and others to foreclose a land contract. From a decree for complainant both parties appeal. Modified and affirmed.

*Charles H. Hatch,* for complainant.

*Thomas Hislop,* for defendant Hollands.

The bill of complaint in this cause is filed for the purpose of obtaining foreclosure of a land contract dated January 19, 1912, covering a lot located at the northeast corner of Lincoln and Warren avenues, in the city of Detroit.

It appears that in 1902 defendant Hollands had acquired title to the lot in question. Thereafter he started to erect buildings thereon, but, through lack of capital, seems to have met with many vicissitudes.

In 1909 this complainant filed a bill to foreclose a mechanic's lien, and in the same year Hollands filed

a bill against one Peters, who had an interest in the premises. These suits were consolidated, and a decree fixing the rights of the parties was entered May 9, 1910. On August 2, 1910, a sale was had under said decree, and the complainant herein became the purchaser. On August 10, 1910, complainant received a deed from Mr. Peters, and executed a mortgage back to him in the sum of $4,798.38.

Complainant then demanded possession of the premises from Hollands, which he refused, claiming the right to redeem from the sale under the decree. This dispute was adjusted as follows: Hollands executed and delivered to complainant a warranty deed of the premises, and complainant in turn executed a contract to Hollands agreeing to reconvey the premises to Hollands upon payment of certain sums therein specified, together with certain other sums which complainant agreed to advance for labor and materials. Hollands did not agree to take the property and pay the various sums named. The contract, in effect, was an option and lease. The foregoing deed and contract were dated September 1, 1910. Complainant carried out its part of this contract, but defendant failed to comply with its conditions.

Therefore in April, 1911, complainant sought by summary proceedings to recover possession of the premises. A judgment having been rendered against Hollands by the commissioner, he appealed to the circuit court. On October 25, 1911, this appeal was decided adversely to Hollands, whereupon he took out a writ of error to this court. On November 29, 1911, complainant filed a bill against Hollands for the purpose of enjoining him from intruding upon the westerly 69 feet of the lot in question. Hollands answered this bill, claiming that the contract was a mortgage, and that he was entitled to, and was in, possession.

Matters were in this condition when, on January 19, 1912, the parties adjusted their differences and entered into the following agreement:

"This agreement made this 19th day of January, 1912, by and between City Lumber Company, a Michigan corporation, party of the first part, and Harry F. Hollands, party of the second part, witnesseth:

"Whereas, considerable litigation has been had and heretofore pending between the parties hereto and certain contracts are now in existence between the parties hereto, now therefore the parties hereto mutually agree that in consideration of a certain land contract made and executed between the parties hereto and bearing date this day the parties hereto for themselves, their successors, heirs, and assigns hereby agree that all contracts, written and oral, and all understandings heretofore had respecting rights in any lands therein described or claimed by either party hereto are hereby canceled and destroyed and held void, and that all suits have been discontinued, and every understanding, written and oral, is merged into and settled by the making and executing of the land contract dated January 19th, 1912. (Provided, however, that the warranty deed heretofore executed by said Hollands to said City Lumber Company shall remain in full force and effect.)

"In witness whereof the parties hereto have hereunto set their hands and seals this 19th day of January, 1912.

                    "CITY LUMBER CO. [Seal.]
                    "By WILLIAM N. MCLENNAN,
                                "Secty. & Treas.
"[Corporate Seal of City Lumber Company.]
              "HARRY F. HOLLANDS. [Seal.]"

The land contract referred to in the foregoing agreement was duly executed upon the same day. It provided for the conveyance of the land in question to Hollands upon payment of $14,158 (one-half within six months from date, and the balance within one year), together with interest at the rate of 6 per cent., taxes and insurance. Hollands agreed to complete the buildings upon said lot within six months and to pay

the stipulated sums. Thereafter complainant furnished to Hollands certain materials, and loaned him certain moneys, to secure which on May 17, 1912, Hollands gave to complainant his promissory note for $1,586.68, and assigned to it as further security his interest under the land contract.

Hollands made default, and this bill was filed October 7, 1912. The court below found that the transaction amounted to a mortgage, ascertained the amount due, and decreed a foreclosure, providing a period of six months after sale during which defendant might redeem. From this decree defendant appealed. Complainant then filed a cross-appeal.

BROOKE, J. (*after stating the facts*). The principal objection to the decree urged on behalf of defendant is that the amount fixed by the court to be paid by defendant upon redemption includes the sum of $1,000 agreed upon between the parties as a bonus and constituting a part of the consideration of $14,158 mentioned in the contract. At the time this contract was entered into complainant held a deed of the property from the circuit court commissioner dated August 2, 1910, a quitclaim deed from A. & E. Peters dated August 12, 1910, and a warranty deed from defendant dated September 1, 1910.

Defendant had failed to exercise his option to purchase under the contract of September 1, 1910, and a judgment awarding possession of the premises to complainant had been entered in the circuit court. Under these circumstances, we are of opinion that complainant could lawfully agree to sell the property to defendant for any sum which defendant was willing to pay. It was the owner of the property and entitled to its possession.

The theory of defendant that the contract should be treated as a mortgage (adopted by the learned circuit judge) is, in our opinion, not borne out by the

admitted facts and written evidence in the case. Defendant urges this theory for the purpose of insisting upon the claim that complainant practiced usury in compelling him to pay a bonus of $1,000 to secure a conveyance. Upon this phase of the case the court below (while holding the transaction to constitute an equitable mortgage) said:

"As far as the other claims are concerned, I think the settlement of January 19, 1912, was an agreement between the parties providing for a consideration moving to each one. Whether the consideration was adequate or not cuts no figure. It was a valuable consideration, and that the amount of indebtedness of Hollands to the City Lumber Company was the amount then and there agreed upon and whether that was made up of items that had no proper place therein cuts very little figure, because the value to one or the other of the parties to the agreement of the discontinuance and settlement of the various debts or litigation that was then being conducted would be difficult of ascertaining, and, as they agreed as to the amount of the indebtedness and entered into a contract, it is not for the court to set aside the settlement that they voluntarily entered into, because a mistake was made in regard to some of the items that went to make up the aggregate. I am now stating my reasons for finding that there is nothing in this litigation that could be called usurious to the extent of preventing a recovery."

The deed of September 1, 1910, from defendant to complainant and the contract of even date between complainant and defendant constituted an absolute conveyance with a lease and an option to repurchase. *Stahl* v. *Dehn*, 72 Mich. 645 (40 N. W. 922); *Reed* v. *Bond*, 96 Mich. 134 (55 N. W. 619), and cases cited.

Defendant next objects to the inclusion in the decree of the sum of $4,798.38, which is secured by a note and mortgage given by complainant to Mr. Peters. Touching this item it is sufficient to say that the decree fully protects defendant's rights. Section

19 of the decree provides that, in case of redemption by defendant, complainant shall forthwith pay the Peters mortgage and deliver to said Hollands a discharge thereof. The same may be said as to the item of $306.75 for radiators in the building, payment of which item has been assumed by complainant.

In fixing the amount to be paid by defendant in case of redemption, it became necessary to determine how much complainant should be allowed for insurance. The court allowed complainant to recover for insurance only to the extent necessary to protect its debt. Complainant urges that it should recover for the cost of all insurance placed by it upon the property because the contract provides that Hollands shall keep the buildings insured "by insurers and in manner and amount approved by said first party." We are of opinion that upon this point the court below reached a proper conclusion.

Inasmuch as the decree in a mortgage foreclosure differs from a decree upon the foreclosure of a land contract in but one material respect—that involving the time limited for redemption (*Jones* v. *Bowling*, 117 Mich. 288 [75 N. W. 611])—we see no reason why the decree of the court below should not be affirmed with the following modification.

By the decree of this court a new date will be fixed after which a sale may be made. Defendant will be allowed 30 days after sale in which to redeem.

Modified as above, the decree of the court below is affirmed, with costs to complainant.

McAlvay, C. J., and Kuhn, Stone, Ostrander, Bird, Moore, and Steere, JJ., concurred.