## CADY *v.* TAGGART.

1. EVIDENCE—VENDOR AND PURCHASER—LAND CONTRACTS—PAROL TESTIMONY ADMISSIBLE TO EXPLAIN AMBIGUOUS CONTRACT.

 Where the language of a land contract for the sale of a farm and personal property was ambiguous as to whether the vendees took an absolute title to the personal property or not, the trial court properly ruled that parol evidence was admissible to explain its meaning.

2. APPEAL AND ERROR—APPELLATE COURT MUST DEAL WITH DECREE AS ENTERED.

 On appeal, the Supreme Court must deal with the decree as entered although it did not follow the opinion of the court, since it is the decree which controls and which is appealed from.

3. VENDOR AND PURCHASER—DEFAULT—FORECLOSURE—FUTURE PAYMENTS—FORFEITURE—EQUITY.

 Where there was no provision in a land contract permitting the vendors to declare the whole sum due upon default in any of its conditions, the interest to be sold, on foreclosure, is the equitable title of the vendee, to satisfy the amount past due, since a sale to satisfy payments to become due in the future would be to declare a forfeiture, which a court of equity may not do.

Appeal from Calhoun; North (Walter H.), J. Submitted April 12, 1923. (Docket No. 63.) Decided June 4, 1923.

Bill by Clarence W. Cady and another against Fred Taggart and another for the cancellation of a land contract. Defendants filed a cross-bill for the foreclosure of said contract. From a decree for defendants, plaintiffs appeal. Reversed, and decree entered.

*Verner W. Main,* for plaintiffs.

*James H. & John A. Mustard,* for defendants.

FELLOWS, J.     Plaintiffs, husband and wife, filed their bill against defendants, husband and wife.     Defendants answered and by way of cross-bill in their answer asked the foreclosure of a land contract in which they were vendors and plaintiffs were vendees. Plaintiffs filed their answer to such cross-bill and by consent plaintiffs' bill was dismissed and the case heard on defendants' cross-bill and plaintiffs' answer thereto.     Briefly stated, the facts are these:     Plaintiffs turned over to defendants certain real estate and their equity in a land contract at an agreed valuation of $4,200 as a down payment on a farm of an agreed valuation of $17,000 and personal property of an agreed valuation of $1,200.     They also paid $100 in cash and agreed to pay $100 per month with interest payable semi-annually.     They took possession but made no further payments, claiming that they had been defrauded, their particular complaint being that the east boundary of the farm was not where represented, thus excluding from their purchase valuable timber.

1. We are agreed with the trial judge that plaintiffs failed to establish any misrepresentations as to the location of the east boundary.     The testimony on this subject, particularly that from disinterested witnesses, strongly preponderated in defendants' favor.

2. Plaintiffs contend that certain language found in the contract operated to give them absolute title to the personal property and that the trial judge was in error in ruling that the contract was ambiguous and in admitting parol testimony.     Again we agree with the trial judge.     The language of the contract first dealing with the personal property is not language

importing a sale but is clearly the language of an agreement to sell. After enumerating the personal property agreed to be sold and purchased is found the following sentence:

"Parties of second part shall have privilege of transferring personal property."

Plaintiffs ask us to give the word "transferring" a technical meaning and in effect ask us to disregard other language in the contract. We cannot disregard all the other language of the contract or any of it proper to a correct interpretation or construction of the contract. If we should accept the technical meaning of the word "transferring" contended for by plaintiffs we would still find other language in the contract materially conflicting with such meaning. It is apparent from the four corners of the instrument that the parties did not intend to give it such meaning. The trial judge correctly concluded that the contract in its entirety on this subject was ambiguous and correctly admitted the proof. From the circumstances surrounding the parties, from the proofs, and from the other language of the contract he correctly concluded that it was intended to permit plaintiffs to exchange personal property, stock, for other more productive and that it was not intended to immediately pass the title to the personal property to plaintiffs. It was conceded upon the argument that the personal property had been sold and the proceeds deposited with the clerk of the court.

3. This brings us to the important legal question in the case. The decree entered September 25, 1922, gave the plaintiffs until October 1st following to pay the amount of past due payments with interest and in default of such payment ordered a sale of the *premises* to satisfy the entire purchase price both *due*

and *not due* amounting to $14,072.16 and provided for a personal decree for deficiency against both plaintiffs in case the farm sold for less than that amount with expenses of sale. It should be stated that this latter provision of the decree did not follow the opinion of the court. But we, of course, must deal with the decree as entered. It is the decree which controls and it is the decree which is appealed from.

There was no provision in the contract permitting the vendors to declare the whole sum due upon default in any of the conditions of the contract. In 22 Enc. Pl. & Prac. p. 747, it is correctly stated:

"The cases are not in accord upon the question whether the decree should include in the amount of indebtedness purchase money not yet due and direct a sale for the whole amount before the maturity of the entire indebtedness."

We are persuaded, however, that under the reasoning of our former holdings the decree in this particular was not justified. The rights of mortgagor and mortgagee differ from those of vendor and vendee. The mortgagor holds the fee; the mortgagee has a lien. The vendor holds the fee; the vendee had an equitable interest. The time for redemption differs in the foreclosure of the respective instruments. *Jones* v. *Bowling,* 117 Mich. 288; but in other regards the foreclosure proceedings are analogous. *City Lumber Co.* v. *Hollands,* 181 Mich. 531. In case of mortgage foreclosures it is provided (3 Comp. Laws 1915, § 14950):

"In cases of mortgages given to secure the payment of money by installments, each of the installments mentioned in such mortgage after the first, shall be taken and deemed to be a separate and independent mortgage, and such mortgage for each of such installments may be foreclosed in the same manner, and with the like effect, as if such separate mortgages were

given for each of such subsequent installments, and a redemption of any such sale by the mortgagor shall have the like effect as if the sale for such installments had been made upon an independent prior mortgage."

We need not determine that by analogy this provision is applicable to foreclosures of land contracts as we think the correct practice is outlined in *Gray v. Hill*, 105 Mich. 189, where it is said:

"Where the consideration sought is the payment of money only, this proceeding amounts substantially to a foreclosure, as it gives the vendor a decree for money due by the terms of the contract, and, by sale of the equitable title of the vendee, subjects the premises to the payment of the same. This proceeding is favored, as it enforces no forfeiture."

The interest to be sold is the equitable title of the vendee and this is to be sold to satisfy the amount past due on the contract. To require a sale to satisfy payments to become due in the future would be to declare a forfeiture, which under repeated decisions of this court a court of equity may not do. As applied to the instant case it would be writing into the contract a provision the parties have not agreed to.

The decree must, therefore, be reversed and one here entered in conformity with this opinion. The interest of the plaintiffs in the premises will be sold to satisfy the amount past due with interest to the date of settling of the decree. The proceeds of the sale of the personal property will be turned over to defendants and credited on the amount due. The decree for deficiency will not run against Mrs. Cady. *Doane v. Feather's Estate*, 119 Mich. 691. When the decree is settled in this court the case will be remanded for execution by the trial court. Plaintiffs will have costs of this court.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.