HEPPNER *v.* SMITH.

1. VENDOR AND PURCHASER—PURCHASER IN POSSESSION IS EQUITABLY OWNER.

The purchaser under a land contract, who is in possession of the lands, using and occupying them as a home, is, equitably and in fact, the owner, although the contract is in the names of others who advanced the down payment.

2. MORTGAGES — PURCHASERS UNDER LAND CONTRACT NAMED AS SUCH FOR SECURITY ARE EQUITABLE MORTGAGEES MERELY.

As between the real purchaser of lands under a land contract, who is in possession, and others not in possession, who are named as purchasers in the contract to secure

¹Vendor and Purchaser, 39 Cyc. p. 1612; ²Mortgages, 41 C. J. § 65.

them for the down payment, which they advanced, they are equitable mortgagees merely.

3. JUDGMENT—SUMMARY PROCEEDINGS—PARTIES—STATUTES — PUR-
CHASER IN POSSESSION.

Where the real purchaser of lands under a land contract, who was in possession, was not a party in summary proceedings by the vendor to obtain possession, as required by 3 Comp. Laws 1915, § 13241, but the action was against the named purchasers who were equitable mortgagees merely, the judgment therein did not deprive them of their security or affect the rights of the real purchaser, and restitution upon said judgment was properly enjoined.

4. VENDOR AND PURCHASER—FORECLOSURE—TIME LIMITED FOR RE-
DEMPTION.

The important difference between decree in mortgage foreclosure and decree for foreclosure of a land contract is in the time limited for redemption.

Appeal from Macomb; Gillespie (Glenn C.), J., presiding. Submitted January 25, 1927. (Docket No. 118.) Decided April 1, 1927.

Bill by Henry Heppner and others against George W. Smith to restrain an order of restitution, and for specific performance of a land contract. Defendant filed a cross-bill for foreclosure of a land contract. From the decree rendered, plaintiffs appeal. Modified and affirmed.

*Robert M. Dalton,* for plaintiffs.

*Campbell, Dewey, Stanton & Bushnell* (*Arthur F. Neef,* of counsel), for defendant.

CLARK, J. The bill was filed to restrain restitution of lands upon judgment in summary proceedings before a circuit court commissioner under section 13240 *et seq.,* 3 Comp. Laws 1915, and for specific perform-

---

[3]Vendor and Purchaser, 39 Cyc. pp. 1889, 1900 (Anno); [4]Id., 39 Cyc. p. 1900 (Anno).

ance of a land contract. The answer prayed affirmative relief, foreclosure of the land contract. The decree dismissed the bill as to all plaintiffs except John Heppner and gave him the right to redeem from the said judgment within 30 days upon payment of the amount then due, and provided, further, that if said plaintiff did not so redeem his rights would thereby be terminated. Plaintiffs have appealed.

Defendant George W. Smith sold the lands to John Heppner but the land contract named plaintiffs Henry Heppner and Barbara Heppner, his wife, and Julia Heppner as the purchasers, to secure them for having advanced to John the down payment. The other plaintiff is the wife of John. At the time of instituting the summary proceedings, and at all other times herein, John Heppner was in possession of the lands, using and occupying them with his wife as their home. Equitably and in fact he was the owner. As between the plaintiffs, the purchasers named in the land contracts were equitable mortgagees merely (41 C. J. p. 315), and they were not in possession of the lands. John Heppner was not a party in the summary proceedings. See section 13241, 3 Comp. Laws 1915. The mortgagees were the parties defendant. The judgment in that action does not deprive the mortgagees of their security, and it does not affect the rights of John Heppner in any way. Restitution upon the judgment was properly enjoined. Defendant Smith is entitled to decree for foreclosure on his answer in the nature of cross-bill, but foreclosure should be in the regular way. The important difference between decree in mortgage foreclosure and decree for foreclosure of a land contract is in the time limited for redemption. *City Lumber Co.* v. *Hollands,* 181 Mich. 531; *Cady* v. *Taggart,* 223 Mich. 191; *Jones* v. *Bowling,* 117 Mich. 288.

The date of sale, the amount due, and the persons

liable for deficiency will be determined on settlement of the decree.    Plaintiffs will have 30 days from sale in which to redeem.    The decree will follow the method employed in foreclosure of mortgage.    When decree shall have been settled in this court, the cause will be remanded to the trial court.

So modified, the decree is affirmed, with costs in this court to plaintiffs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.