DRYSDALE *v.* P. J. CHRISTY LAND CO.

1. VENDOR AND PURCHASER—PROCEDURE IN FORECLOSURE OF MORT-
   GAGES NOT APPLICABLE TO LAND CONTRACTS.
   Circuit Court Rule No. 58, § 5, providing that sales under decrees
   of foreclosure shall not be ordered within six months after
   commencement of suit, provides practice to be followed in
   foreclosure of mortgages, but has no application to land con-
   tracts.

2. SAME—REDEMPTION PERIOD WITHIN DISCRETION OF COURT.
   There being no statutory right to redeem from foreclosure of
   land contract, time allowed in which to redeem is not matter
   of right but is entirely within discretion of court; procedure
   authorized by statute in foreclosure of mortgages having no
   application to land contracts.

3. SAME—SPECIFIC TAX—APPEAL AND ERROR.
   Where, in suit to foreclose land contract, objection was made to
   admission in evidence of land contracts because specific tax
   thereon had not been paid as required by statute, court should
   have refused to receive them; but decree will not be reversed
   therefor if tax is paid within 20 days.

Appeal from Wayne; Gilbert (Parm C.), J., pre-
siding. Submitted June 20, 1929. (Docket No. 93,
Calendar No. 34,410.) Decided October 7, 1929.

Bill by Robert M. Drysdale and another against
P. J. Christy Land Company, a corporation, and
another for the foreclosure of a land contract. From
a decree for plaintiffs, defendant P. J. Christy Land
Company appeals. Affirmed.

*Claude H. Stevens,* for plaintiffs.

*William S. McDowell,* for defendant.

McDonald, J. This is an appeal from a decree for the plaintiffs providing for the foreclosure of a land contract. The decree fixed $35,863.74 as the amount due, and provided for advertisement and sale unless paid within ten days. Payment was not made within the time specified, and the interest of the P. J. Christy Land Company was advertised and sold on March 15, 1929. The decree does not provide for any deficiency. The P. J. Christy Land Company is the only appellant. It obtained its interest as assignee of Peter J. Christy. At the time of the sale to Christy, the plaintiff's title to the land in question was represented by two separate contracts which by agreement with Christy were deposited in escrow with the Union Trust Company of Detroit. Christy was to make his payments to the Trust Company and the company was to apply them on the two underlying contracts which it held in escrow.

It is first contended by the defendant that the decree should be set aside because it provides for a sale of the premises within less than six months from the commencement of suit.

In support of this contention, it relies on section 5 of Circuit Court Rule No. 58, which reads as follows:

"Sales under decrees of foreclosure shall not be ordered on less than six full weeks or 42 days' notice, and publication shall not commence until the time fixed by decree for payment has expired, nor within six months after commencement of suit."

This rule provides a practice to be followed in the foreclosure of mortgages. It has no application to land contracts. *Jones* v. *Bowling,* 117 Mich. 288.

A further objection to the decree is that it gives only ten days as the time for redemption.

There is no statute conferring the right to redeem in the foreclosure of land contracts. No such right exists independently of statute. It is customary for the trial court to fix a short time for redemption after sale, but the vendee is not entitled to it as a matter of right. It rests entirely in the discretion of the court. Counsel's objection to the decree based on the contention that it should have been made in accordance with the practice authorized in the foreclosure of mortgages cannot be sustained. The distinction is clearly stated in *Jones* v. *Bowling, supra,* and in Cornelius, Law of Land Contracts, p. 404.

Objection was made by the defendant to the admission in evidence of the two underlying contracts on the ground that the mortgage tax had not been paid. The court should have refused to receive the evidence, but the decree will not be reversed on that ground alone if the plaintiff pays the tax in the time specified therein. If payment is made within 20 days, the decree will stand affirmed. If not paid by that time, it will stand reversed. Neither party will have costs.

NORTH, C. J., and FEAD, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.