SHADY VIEW BEACH LAND CO. *v.* SUMMERS.

VENDOR AND PURCHASER—FORECLOSURE SALE—RIGHT OF REDEMPTION DISCRETIONARY WITH COURT.

> In foreclosure of land contract, vendee is not entitled to redemption after sale as matter of right, in absence of statute conferring such right, but it rests entirely in discretion of court.

Appeal from Jackson; Simpson (John), J. Submitted April 9, 1931. (Docket No. 46, Calendar No. 35,475.) Decided June 1, 1931.

Bill by Shady View Beach Land Company, a Michigan corporation, against Frank A. Summers and another to foreclose a land contract. Decree for plaintiff. Defendants appeal. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for plaintiff.

*Retan, Zeleznik & Platt,* for defendants.

CLARK, J. Plaintiff filed bill to foreclose land contract. The bill was taken as confessed. Upon hearing, decree was entered, on October 27, 1930, requiring defendants to pay the amount due on or before December 1, 1930, and directing, if not so paid, the premises be sold. The decree affords no time or opportunity to redeem after sale, and it is this feature that defendants attack on their appeal. No point is made that defendants, with default entered and standing against them, may not appeal, and it is passed.

That some confusion in our decisions has been produced by introducing into land contract cases features of foreclosure of mortgages will appear upon reading review and criticism in 7 Mich. State Bar Journal, p. 177 *et seq.,* where the following cases are discussed: *Fitzhugh* v. *Maxwell,* 34 Mich. 138; *Jones* v. *Bowling,* 117 Mich. 288; *Kelly* v. *Gaukler,* 164 Mich. 519; *City Lumber Co.* v. *Hollands,* 181 Mich. 531; *Cady* v. *Taggart,* 223 Mich. 191; and *Heppner* v. *Smith,* 238 Mich. 245.

The conclusion of the whole matter is stated in *Drysdale* v. *P. J. Christy Land Co.,* 248 Mich. 184:

"There is no statute conferring the right to redeem in the foreclosure of land contracts. No such right exists independently of statute. It is cus-

tomary for the trial court to fix a short time for redemption after sale, but the vendee is not entitled to it as a matter of right. It rests entirely in the discretion of the court.''

This answers appellants' assertion of redemption as a matter of right.

Abuse of discretion is neither urged nor considered.

Affirmed. Costs to appellee.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.