TEETZEL v. ATKINSON.

VENDOR AND PURCHASER — FORECLOSURE — REDEMPTION — EQUALLY DIVIDED COURT.
In a proceeding in equity to foreclose a land contract for the sale of a residence, decree containing provision giving purchaser six months from date of sale in which to redeem is affirmed by an equally divided court.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 9, 1940. (Docket No. 107, Calendar No. 40,941). Decided March 15, 1940. Rehearing denied June 18, 1940.

Bill by Albert P. Teetzel and wife against Olivia Lang Atkinson for foreclosure of a land contract. From decree of foreclosure permitting redemption within six months from sale, plaintiff appeals. Affirmed by an equally divided court.

*C. W. Hatfield* (*Frank Rosenbaum*, of counsel), for plaintiffs.

*Atkinson, Donnelly & Lyon*, for defendant.

NORTH, J. In a foreclosure proceeding in equity of a defaulted land contract the court has inherent power to grant a reasonable time for redemption. What constitutes a reasonable time for redemption of necessity is governed by the facts and circumstances attending the particular case. On appeal the trial court's decretal provision fixing a period

for redemption should not be disturbed except the provision is so inequitable as to constitute a clear abuse of discretion. The controlling question on this appeal by the vendors is whether the provision in the foreclosure decree that the vendee might redeem within six months after confirmation of the foreclosure sale constitutes a clear abuse of the discretion vested in the trial court.

The undisputed facts are that defendant purchased from plaintiffs for $15,000 a residence subsequently occupied by defendant and her husband as a homestead, though later on it was rented. There was a down payment of $3,000. Subsequent monthly payments of $120 were made to May 2, 1938, totaling $2,040. It thus appears defendant has paid on her $15,000 contract $5,040. From the date of the contract sale (November 27, 1936) to the expiration of the time of redemption fixed in the decree a period of 3 years and 1 month intervened. The amount paid by defendant to plaintiffs during this period was the equivalent of a rental of approximately $136.20 per month. In 1938 defendant rented this property for $90 a month. It is a matter of common knowledge that gross rentals of this type of property rarely exceed 10 per cent. per annum. In the instant case certainly it may be fairly inferred the reasonable rental value of this property would not exceed $125 per month. Even at that rate defendant paid an amount substantially in excess of the total rental value during the whole period of her occupancy, notwithstanding under the decree she was given six months after confirmation of sale within which to redeem. During that period appellee's contract payments exceeded the fair rental value of the property by more than $400. We think the decretal provision for redemption cannot be said

to constitute a clear abuse of discretion on the part of the trial judge.

The decree entered in the circuit court is affirmed, with costs to appellee.

BUSHNELL, C. J., and McALLISTER and WIEST, JJ., concurred with NORTH, J.

SHARPE, J. Plaintiffs filed a bill to foreclose a land contract. The essential facts are not in dispute. November 27, 1936, plaintiffs sold a piece of real estate on land contract to defendant for the sum of $15,000. The contract provided for a down payment of $3,000 and monthly instalments of principal and interest of not less than $120 and with the further agreement that on or before November 27, 1938, the purchaser would assume a mortgage to be placed on the premises by vendors and pay in full all sums due seller over and above the amount of the mortgage at that time.

On or about November 1, 1937, defendant defaulted in her payments and plaintiffs declared the contract forfeited. On May 9, 1938, judgment for possession was recovered and the amount due plaintiffs was determined to be $919.45. On August 4, 1938, defendant redeemed from the judgment for possession. After May 9, 1938, defendant made no further payments and on September 29, 1938, plaintiffs commenced the present suit. The matter came on for hearing before the trial judge on January 10, 1939, testimony and arguments were concluded on February 2, 1939, and on March 23, 1939, the court rendered an opinion and found that plaintiffs were entitled to a decree of foreclosure as in mortgage cases. The opinion stated:

"The only essential difference between this proceeding and a mortgage foreclosure is that here the

court fixes the period of redemption. No good reason appears why this should be less than the statutory period of six months on mortgage foreclosures. * * *

"A decree of foreclosure may be entered. Vendee should pay the amount due within thirty days from the entry of the decree or vendors may proceed to sale as in mortgage foreclosures. The period of redemption is fixed at six months from the date of the confirmation of the sale as in mortgage foreclosures."

A decree was entered March 28, 1939. The decree gave defendant 30 days within which to pay the amount in arrears, namely, $2,021.42, and assume the mortgage of $10,000 to the Prudential Insurance Company, mortgagee. The decree also provided that upon failure of defendant to pay the amount in arrears within the time specified, the entire amount was to become due, and permission to advertise the premises for sale, but not until after April 27, 1939, sale to be held June 8, 1939, and gave defendant the right to possession, use and income for six months after confirmation of sale with right to redeem.

Plaintiffs appeal and contend that it was an abuse of discretion upon the part of the trial court to grant defendant a period of six months within which to redeem said premises.

Courts have not attempted to define in every case what constitutes abuse of discretion; rather, various principles have been established as guides to direct the actions of courts. In *Morocco* v. *Lange,* 266 Mich. 238, we held that whether there had been an abuse of discretion depended upon all of the circumstances of the particular case. In *Rousso* v. *First National Bank of Detroit* (C. C. A.), 287 Fed. 273, it was held that an injunction would not be disturbed unless it clearly appears that the court below has exercised

the discretion vested in it upon a wholly wrong comprehension of the facts or law of the case. The abuse of discretion must be clear or palpable in order to justify the reviewing court in reversing the lower court's discretionary orders. *Furniture Manufacturers Ass'n of Grand Rapids* v. *Grand Rapids Guild of Exhibitors*, 268 Mich. 685; *Graeger* v. *Hager*, 275 Mich. 363; *Nissenbaum* v. *Pikstein*, 266 Mich. 28.

In *Cooper* v. *Carr*, 161 Mich. 405, 412, we said:

"To warrant such interference (on our part), the abuse ought to be so plain that upon consideration of the facts upon which the trial judge acted, an unprejudiced person can say there was no justification or excuse for the ruling made."

In *Dodge* v. *Van Buren Circuit Judge*, 118 Mich. 189, 195, we said:

"It is true that courts hesitate to review the action of a trial judge involving matters of discretion, and will not do so unless it is necessary that justice may be done. * * * 'This discretion, however, is by no means an arbitrary one, and is to be exercised in accordance with established principles of law and equity.' "

In 3 Am. Jur. p. 522, it is said:

"This rule, or rather this statement of the rule, does not give the trial judge an entirely free hand in what might be termed discretionary matters. The exercise of judicial discretion which may not be reviewed implies conscientious judgment, not arbitrary action, takes account of the law and the particular circumstances of the case, and is directed by the reason and conscience of the judge toward a just result."

The accepted rule in Michigan concerning the right of redemption in land contract cases is stated

in *Shady View Beach Land Co.* v. *Summers,* 255 Mich. 6, where we said:

"The conclusion of the whole matter is stated in *Drysdale* v. *P. J. Christy Land Co.,* 248 Mich. 184:

" 'There is no statute conferring the right to redeem in the foreclosure of land contracts. No such right exists independently of statute. It is customary for the trial court to fix a short time for redemption after sale, but the vendee is not entitled to it as a matter of right. It rests entirely in the discretion of the court.' "

It is also the accepted rule that a land contract should not be foreclosed in the same manner as a mortgage.

We quote from 77 A. L. R. 273:

"It is pointed out in *Jones* v. *Bowling* (1898), 117 Mich. 288, that there is a very marked difference between the interests held in the real estate by a vendor under a land contract and a mortgagee; this difference will illustrate why a land contract should not be foreclosed the same as a mortgage. In the case of a mortgage, the mortgagee knows the limitations put upon his possession by the statute. There is no such limitation placed upon the vendors in land contracts. Unless the vendee is given the right of possession by the contract he is not entitled to it. Where the vendee is given the right of possession while not in default, and in case of default the vendor is given the right to take immediate possession of the premises, it would not be proper to hold that, after default on the part of the vendee, a sale of the premises could not be made until the lapse of a period similar to that of a real estate mortgage. Such a holding would be to read into the contract conditions not contemplated by the parties when they made it. See, in this connection, *Craig* v. *Black* (1930), 249 Mich. 485; and *Drysdale* v. *P. J. Christy Land Co.* (1929), 248 Mich. 184."

The period of redemption in the foreclosure of a land contract differs from that in the foreclosure of

a mortgage. *Cady* v. *Taggart*, 223 Mich. 191; *City Lumber Co.* v. *Hollands*, 181 Mich. 531; *Jones* v. *Bowling*, 117 Mich. 288. The statutes do not permit of any so-called redemption period, but chancery courts have quite generally fixed a short time for redemption after sale. The generally accepted time for redemption after sale has been fixed by courts of chancery at 30 days. See *Heppner* v. *Smith*, 238 Mich. 245; *City Lumber Co.* v. *Hollands, supra.*

In the case at bar the trial court was in error in ruling that the period of redemption should be the same as the statutory period of six months prescribed for mortgage foreclosures. It was an abuse of discretion. The decree was entered March 28, 1939. The date fixed for the sale of the premises was June 8, 1939. The cause should be referred to the trial court to set a date for the sale of the premises and fix a period of redemption not to exceed 30 days from the date of sale. The order should also provide that in the event the premises are not redeemed the defendant shall forthwith account to plaintiffs for all rents and profits derived from said premises from and after July 8, 1939, the maximum period in which defendant should have been permitted to redeem. Plaintiffs should recover costs.

POTTER, CHANDLER, and BUTZEL, JJ., concurred with SHARPE, J.