BEDFORD *v.* TETZLAFF.

1. VENDOR AND PURCHASER — LAND CONTRACTS — ACCELERATION CLAUSE.

An acceleration provision in a land contract which authorizes the vendor to declare the full balance of the principal sum and accrued interest due and payable upon buyer's failure to perform any of the covenants of the contract, although harsh, is not against public policy nor unenforceable.

2. SAME—NOTICE OF ELECTION TO ACCELERATE—FORECLOSURE.

The land contract vendor need not give notice of election to declare entire balance of principal and accrued interest due prior to filing bill to foreclose land contract upon default of purchaser's assignees in making payment of principal due in the absence of any unusual circumstances.

3. SAME—FORECLOSURE OF LAND CONTRACT IN CHANCERY—REDEMPTION.

Foreclosures of land contracts in chancery differ from foreclosures of mortgages in chancery in that no period of redemption is required by law.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 55 Am Jur, Vendor and Purchaser §§ 340, 621.
[3–5] Generally as to enforcement of vendor's lien, see 55 Am Jur, Vendor and Purchaser § 496.

4. SAME—FORECLOSURE IN CHANCERY—REDEMPTION—DISCRETION OF COURT.

The right to redeem from foreclosure of land contract in chancery exists independently of statute, rests entirely in the discretion of the court, and the vendee is not entitled to it as a matter of right.

5. SAME—FORECLOSURE—REDEMPTION—DISCRETION OF COURT.

Trial court did not abuse its discretion in not providing a period of redemption after sale under foreclosure of land contract in chancery, where purchaser's assignees had not kept up payment of insurance premiums and taxes, failed to make payment of principal and interest when due and during more than 10 months after bill to foreclose was filed they failed to pay the indebtedness to the vendor.

Appeal from Charlevoix; Brown (Charles L.), J. Submitted October 8, 1953. (Docket No. 36, Calendar No. 45,886.) Decided November 27, 1953. Rehearing denied December 29, 1953.

Bill by Arline Bedford against Paul J. Tetzlaff and others to foreclose a land contract. Decree for plaintiff. Defendants Tetzlaff appeal. Affirmed.

*Clark C. Coulter* (*Victor H. Hampton,* of counsel), for plaintiff.

*Henry E. Rice,* for defendants.

ADAMS, J. Arline Bedford, plaintiff and appellee, seeks to foreclose a land contract in chancery. In her bill of complaint she alleges a default by defendants and declares the full amount of principal and interest due in accord with an acceleration clause in the contract.

The decree of the lower court ordered the defendants to pay to plaintiff the entire principal due under the contract, together with accrued interest and unpaid taxes and insurance. In the event of nonpayment, the decree provided that the premises should

be sold and the proceeds of sale applied on the amount found due. No period of redemption after sale was provided.

Paul J. Tetzlaff and Nellie C. Tetzlaff, defendants and appellants, appeal from the decree claiming that the lower court was in error in not requiring plaintiff to give prior notice of her election to declare the full amount of principal due under the contract and in failing to provide a period of redemption after the sale of the property.

On May 15, 1946, the plaintiff and her husband, now deceased, sold certain real estate in Charlevoix, Michigan, on land contract to defendants Jack and Edith Glick and Charles and Zelda Levitt. The sale price was $22,000, with $5,000 paid in cash and the balance of $17,000 payable over a period of years with not less than $1,000 principal due on October 1st of each year. Payments of principal and interest were regularly and promptly made through the year 1948. The 1949 payment was delayed nearly 2 months and the 1950 payment was late by approximately 6 weeks. In 1950 taxes assessed against the property and premiums on insurance covering the buildings were not paid and remained unpaid through 1951 in violation of the purchasers' covenants in the land contract.

On July 18, 1951, defendants Tetzlaff became the owners by assignment of the land contract purchasers' interest with knowledge that the taxes and insurance premiums were in arrears. Shortly afterwards they suggested to plaintiff that they would be interested in paying the full amount due under the contract if they were granted a discount. Plaintiff, however, gave no indication that she would accept less than the full amount and on September 10, 1951, counsel for the defendants Tetzlaff wrote the following letter to the plaintiff.

"Paul J. Tetzlaff and Nellie C. Tetzlaff, his wife, who recently purchased the Pine River Hotel by assignment of purchasers' interest in the land contract, have requested I send to you copy of their assignment, together with a copy of the assignment from the original vendees, the Glicks and Levitts, to Murl Dwortson and Geraldine Dwortson, his wife, which copies are enclosed herewith.

"The Tetzlaffs desire me to inform you that the October 1, 1951, payment will be timely made, and that the past due taxes and insurance premiums will likewise be paid on or before October 1, 1951."

Defendants failed to make the October 1st payment and on October 12, 1951, plaintiff filed her bill of complaint to foreclose the land contract. In the bill of complaint she declared the entire balance of principal due. A decree of foreclosure was entered on August 1, 1952, decreeing the sum of $15,148.65 due the plaintiff from the defendants, ordering the defendants to pay said sum on or before August 30th and, in default of such payment, decreeing that the premises be sold at public sale under the direction of the circuit court commissioner at any time after August 30th.

Defendants contend on appeal that it is inequitable to permit the plaintiff to accelerate the payments due under the contract without giving notice of her intention to accelerate prior to the institution of the chancery action. They point out that the bill of complaint in which plaintiff made her election to declare the full amount due was filed only 12 days after the payment of principal and interest for the year 1951 became due under the terms of the contract and that during the preceding months defendants had attempted to pay off the contract through a compromise settlement of the amount owed. They contend that because they were, to a degree, lulled into a sense of security during such negotiations, it

would be inequitable to permit plaintiff to declare the full amount of principal due within the brief period of their default.

There are, however, other circumstances to be considered. A substantial amount of taxes and insurance premiums had become due and remained unpaid for the greater portion of a year preceding the commencement of suit. Defendants Tetzlaff acquired the purchasers' interest in the premises knowing of such default and subsequently advised plaintiff that the items would be promptly paid. Although the defendants suggested to plaintiff that the full amount due on contract would be paid if a discount were granted to them, there is nothing in the record which in any way indicates that the plaintiff was willing to grant a discount or that she gave defendants reason to believe otherwise than that she would expect prompt payment of all sums becoming due under the terms of the contract.

The contract states "that time is of the essence of this contract" and "in the event that the buyer shall fail to perform any of the covenants of this contract * * * at his option the seller may declare the full balance of the principal sum, together with accrued interest thereon, immediately due and payable."

In the case of *Brody* v. *Crozier,* 242 Mich 660, it was said in reference to a comparable contract clause there under consideration:

"The provision is harsh, but a part of the contract, and is not outlawed by public policy nor invalid or unenforceable. It was probably unwise for defendant to so place his interest in the property at the mercy of plaintiff, but we are powerless to extend to him anything more than commiseration.

"This suit was not to forfeit the contract, but to enforce payment in accordance with its terms. Accelerative clauses are common in mortgages, and have universally been held valid; they appear in

many cases of sales upon instalments and, under the negotiable instruments law (CL 1915, § 6043)*, bring about a sum certain in case of a provision: 'That upon default in payment of any instalment or of interest the whole shall become due.' "

Later, in reviewing another action to foreclose a land contract in chancery, this Court held:

"The acceleration clause is valid." *Barnard* v. *Huff*, 252 Mich 258 (77 ALR 259).

We find no unusual circumstances in the present case which would require an exception to the accepted rule and we are therefore of the opinion that plaintiff was rightfully entitled to declare the entire balance due under the contract upon defendants' default without giving notice of such election prior to the filing of the bill of complaint.

It is the defendants' further contention that they are entitled to a provision in the decree of foreclosure establishing a period after the sale of the premises within which to redeem from the foreclosure. On October 12, 1951, when the bill of complaint was filed, taxes assessed against the premises and insurance premiums on policies covering the buildings on the property in the total amount of $784.29 had been due and unpaid for a long period of time to the knowledge of the defendants Tetzlaff who admittedly acquired their interest in the property after being informed of such default. In acquiring the purchasers' interest they assumed the obligation created by the contract to pay those items. Later they neglected to promptly pay the principal and interest when due.

The action to foreclose was instituted on October 12, 1951, and the sale of the property decreed at any time after August 30, 1952. Defendants could have protected their interest in the property prior to

---

* CL 1948, § 439.4 (Stat Ann § 19.44).—REPORTER.

October 12, 1951, by the payment of delinquent taxes, insurance premiums and the annual payment of principal and interest as provided for in the contract. Thereafter for a period of more than 10 months they had the right to redeem from the foreclosure by the payment of the entire amount of principal, interest, taxes and insurance premiums due.

Foreclosures of land contracts in chancery differ from foreclosures of mortgages in chancery in that no period of redemption is required by law.

" 'There is no statute conferring the right to redeem in the foreclosure of land contracts. No such right exists independently of statute. It is customary for the trial court to fix a short time for redemption after sale, but the vendee is not entitled to it as a matter of right. It rests entirely in the discretion of the court.' (*Drysdale* v. *P. J. Christy Land Co.,* 248 Mich 184).

"This answers appellants' assertion of redemption as a matter of right." *Shady View Beach Land Co.* v. *Summers,* 255 Mich 6.

In this case defendants failed to pay taxes and insurance premiums long past due. Although aware of the due date for the annual payment of principal and interest, they neglected to make that payment when due. Thereafter during a period of more than 10 months while this action was pending and prior to the sale, they could, as a matter of right, have protected their interest in the property by paying their indebtedness to the plaintiff. Under such circumstances we find no abuse of discretion on the part of the trial court in failing to provide an additional period for redemption after sale.

The decree is affirmed, costs to the plaintiff.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.