## YOUNG *v.* ZAVITZ.

1. FRAUD—RESCISSION OF LAND CONTRACT—SUMMER RESORT COT-
TAGES—EVIDENCE.
   Dismissal of bill in suit to rescind contract to purchase summer
   resort property consisting of 5 rental cottages at a lake *held,*
   proper because of plaintiffs' failure to prove by a preponder-
   ance of evidence either misrepresentation or fraud.

2. VENDOR AND PURCHASER—MISDESCRIPTION—RESCISSION.
   Rescission of land contract may not be grounded on mis-
   description of property involved, where purchasers knew bound-
   aries before the purchase and there is no claim that they
   received less property than they paid for.

3. SAME—ACCELERATION CLAUSE.
   Acceleration clause of land contract providing that in the event
   of default the seller should have the right to declare the entire
   unpaid balance to be due and payable forthwith *held,* valid,
   though harsh.

4. SAME — FORECLOSURE — LAND CONTRACTS — MORTGAGES — RE-
DEMPTION.
   Foreclosure of land contracts in chancery differs from foreclosure
   of mortgages in chancery in that no period of redemption is
   required by law.

5. SAME—FORECLOSURE OF LAND CONTRACT IN CHANCERY—REDEMP-
TION—DISCRETION OF COURT.
   The right to redeem in the foreclosure of a land contract in
   chancery does not exist independently of statute although it
   is customary for the court, in its discretion, to fix a short
   period of redemption.

6. SAME—FORECLOSURE—SUMMER RESORT COTTAGES—REDEMPTION.
   Contract to purchase real and personal property of summer resort
   containing 5 cottages upon which plaintiffs, seeking rescission,

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 55 Am Jur, Vendor and Purchaser §§ 593–595.
[3] 55 Am Jur, Vendor and Purchaser § 340.
[4–6] 55 Am Jur, Vendor and Purchaser §§ 453–461.
    Vendor's remedy by foreclosure of contract for sale of real prop-
    erty.   77 ALR 270.
    Redemption rights of vendee defaulting under executory land
    sale contract after foreclosure sale or foreclosure decree en-
    forcing vendor's liens or rights.   51 ALR2d 672.

were in default, is ordered foreclosed and sold with 90-day right of redemption after sale as provided by statutory provisions for foreclosure of mortgages and description corrected so as to show legal title in defendants (CL 1948, § 619.23).

Appeal from Roscommon; O'Keefe (Dennis J.), J. Submitted October 11, 1961. (Docket No. 57, Calendar No. 48,880.) Decided December 28, 1961.

Bill by George H. Young and Meryle S. Young against Russell G. Zavitz, Clifford C. Wood, and Florence L. Wood for rescission of land contract for purchase of resort property. Cross bill by defendants Wood for foreclosure. Decree of forclosure for defendants Wood. Plaintiffs appeal. Affirmed as modified and remanded.

*Robert O'Boyle* and *Platt & Platt* (*Henry A. Platt,* of counsel), for plaintiffs.

*John R. Hembree* for defendants.

KELLY, J. Plaintiffs filed a bill of complaint (September 28, 1959) to rescind a land contract on the ground of fraudulent representation, and defendants Wood filed a cross bill to foreclose the contract. Plaintiffs appeal from a decree dismissing the bill of complaint and allowing foreclosure.

Plaintiffs signed a contract (May 22, 1959) to purchase defendants Wood's Houghton Lake resort property for $31,500, with a down payment of $6,000, the balance to be paid $3,000 annually with interest.

Plaintiffs took possession of and operated the resort during the summer of 1959. Plaintiffs' letter of rescission was sent to defendants on July 30, 1959. Plaintiffs vacated and surrendered the premises on September 7, 1959.

Plaintiff Meryle S. Young testified that in April, 1959, she and her husband were interested in pur-

chasing resort property in northern Michigan and they personally contacted defendant Zavitz, a real-estate broker with his principal office located in the village of Houghton Lake; that defendant Zavitz told them that defendants' cabins were occupied during June, July and August and the deer hunting season, and that the rental rates were $75 each for the 2 lake-front cottages, $70 each for 2 other cottages, and $35 for a smaller cottage, on a weekly basis; that Zavitz' statement was later confirmed in conversation with defendant Florence L. Wood; that they asked to see defendants' books but were told that the books were in Detroit and that plaintiffs made no further inquiry because they trusted defendants; that their gross income from rentals during the summer of 1959 was only $1,395 and that the rentals would have amounted to approximately $5,000 if the cottages were fully occupied for the 3 months at the rate of rentals defendants stated they had obtained in previous summers; that some previous renters of the cottages refused to pay the rental price defendants stated they had previously obtained, stating the rate was more than they had theretofore paid.

Defendants Wood testified they were never asked and had never made any representations to plaintiffs in regard to rental income or periods of occupancy or any statements regarding their books of account; that Zavitz was not their agent and was not authorized to make such representation and they were not advised by Zavitz or plaintiffs that said representations had been made.

Defendant Zavitz did not testify and there is no reference to that fact in the record or briefs.

During the summer of 1959 construction on highway M-55, made it impossible, or difficult, to enter the resort property in question.

In commenting upon this fact, the court stated:

"The court doesn't feel that there is sufficient misrepresentation of [or?] fraud in this case to rescind this land contract. The court bases its opinion on the fact that this road was torn up; that the Youngs when they went to this property on April 18th and 19th to inspect it that they allege, or claim, that it was told to them that that road would be repaired, or would be completed by June 1, 1959; it seems to me that if that claim were made to them that when they came back there on May 22, 1959, when they either had $50 deposited, or had $1,000 deposited, that at that time, as reasonable people, that they could have determined then and there for themselves whether or not that road would be completely improved and open for business, or open for traffic."

Proofs were not introduced in regard to defendants' earnings during the time they operated the resort. Plaintiffs did not insist that defendants' books and records be produced for inspection, either prior to purchase or during trial.

In *Smith* v. *Taber,* 362 Mich 619, in considering plaintiff's action for rescission of a contract to purchase a summer resort business because defendant falsely represented that the annual income was $6,000, we said (p 622):

"At no time prior to consummation of the purchase did plaintiff examine defendants' books and records for the resort business. He testified that he requested them but that he was not shown any of such records. He claims to have relied entirely upon the representations outlined above without verifying, or even attempting to verify, any of them by insisting upon an examination of defendants' financial records. The fact of the matter is that there was an almost complete failure of proofs at the trial with reference to defendants' actual earnings during the time they operated the resort business and so it would have been impossible for the chancellor, and it is impossi-

ble for us, to say that the representations plaintiff claims to have been made with reference to the resort's earnings were or were not false."

We find that the chancellor did not err in dismissing plaintiffs' bill of complaint because plaintiffs failed to prove by a preponderance of the evidence either misrepresentation or fraud.

Plaintiffs contend that there is "a misdescription of the property described in the land contract" and that the decree is "invalid because not providing for a sale of the premises."

The lands described in the contract were as follows:

"Lots 14 to 25 inclusive; Block 5 also 1 and 2 in Block 4, Wickham Park subdivision known as Woods Resort."

It is undisputed that there are no lots numbered 24 and 25 in this subdivision, but there were lots 1 and 2 of Block 5 which were a part of the Woods resort and which were not included in the description in the land contract. The plaintiffs before purchase were shown the property and knew the boundaries. There is no claim that they received less property than they paid for, but only that instead of lots 24 and 25, lots 1 and 2 of block 5 should have been described in the contract.

The court's decree allowed plaintiffs 90 days in which to redeem the property by paying the balance of $24,500, plus interest, with the further provision that if plaintiffs "do not redeem during this period, then on August 2, 1960, the defendants, cross-plaintiffs, shall have a writ of restitution, and the clerk of the court shall issue same."

The contract contained an acceleration clause which provided that in the event of default the seller shall have the right to declare the entire unpaid balance to be due and payable forthwith. These

clauses, while harsh, are valid.   See *Barnard* v. *Huff,* 252 Mich 258 (77 ALR 259).

Defendants' cross bill of complaint requested: "That in default of payment of the sums found due, that the vendors' lien held by cross plaintiffs under the contract be foreclosed, and that the real and personal property be sold in accordance with the rules and practices of this court."

In *Bedford* v. *Tetzlaff,* 338 Mich 102, 108, we held:

"Foreclosures of land contracts in chancery differ from foreclosures of mortgages in chancery in that no period of redemption is required by law.

"' "There is no statute conferring the right to redeem in the foreclosure of land contracts.   No such right exists independently of statute.   It is customary for the trial court to fix a short time for redemption after sale, but the vendee is not entitled to it as a matter of right.   It rests entirely in the discretion of the court." (*Drysdale* v. *P. J. Christy Land Co.,* 248 Mich 184.)' "

We affirm the foreclosure decree of the lower court with the modification that the plaintiffs be allowed 90 days to redeem after sale conducted as provided by statutory provisions for foreclosure of mortgages* and that the description of the property be corrected so as to show legal title in defendants.

Affirmed and remanded to carry out provisions of this opinion.   Costs to appellees.

DETHMERS, C. J., and CARR, BLACK, EDWARDS, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

---

* See CL 1948, § 619.23 (Stat Ann § 27.1133).—REPORTER.