## MOTT *v.* PENOYAR.

1. CONTRACTS—BREACH—ACTION—EVIDENCE—SUFFICIENCY.

   In an action for breach of certain contracts by which plaintiff agreed to cut and manufacture the timber on certain lands which defendant represented to belong to him, the breach consisting in failure of defendant's title to the land, evidence examined, and *held*, that there was sufficient testimony, if believed, to go to the jury on the issue how much timber was cut under the several contracts before plaintiff was stopped by the owner of the lands.

2. SAME—ACTION—ACCRUAL—DAMAGES.

   Where defendant employed plaintiff to cut and manufacture the timber standing on certain lands, which defendant falsely represented belonged to him, plaintiff was entitled to damages for the breach of the contract, and the amount of timber cut before plaintiff was stopped by the owner of the land was an element of the damages to be considered, regardless of the terms of the contract as to the time of payment.

3. HARMLESS ERROR—ADMISSION OF EVIDENCE—FACTS OTHERWISE ESTABLISHED.

In an action for damages for breach of a contract by which plaintiff was employed by defendant to cut the timber on certain lands, which defendant falsely represented belonged to him, the allowance of improper questions to defendant's superintendent, on cross-examination, as to statements made by him to the effect that defendant did not own the land, was not hurtful where it was otherwise conclusively proved by competent testimony that defendant did not own the land.

4. CONTRACTS—BREACH—ACTION—EVIDENCE—ADMISSIBILITY.

In an action for breach of a contract by which plaintiff was employed by defendant to cut the timber on certain lands, which defendant falsely represented belonged to him, the rejection of certain title deeds and bills of sale, which defendant claimed would establish his title to a part of the lands, was not error, there being no claim of title to the whole.

5. SAME—GOOD FAITH.

The papers were not admissible as tending to show defendant's good faith, since good faith would not relieve him from the consequences of his want of title.

6. TRIAL—INSTRUCTIONS—SUFFICIENCY.

An assignment that the court erred in not instructing the jury that there could be no recovery under items 3 and 5 of the bill of particulars is not supported where it appears that the court instructed as to what items in the bill they might consider, and items 3 and 5 were not among them, and the court said in a discussion in the jury's presence that such items were not to be considered.

Error to Iosco; Connine, J. Submitted May 5, 1908. (Docket No. 70.) Decided June 27, 1908.

Assumpsit by William H. Mott against Wedworth C. Penoyar under section 10421, 3 Comp. Laws. There was judgment for plaintiff, and defendant brings error. Affirmed.

*M. L. Courtright*, for appellant.

*Bennett & Moore* (*William T. Yeo*, of counsel), for appellee.

HOOKER, J.   The plaintiff claims to have entered upon the performance of two contracts, one written, the other oral, by which he undertook and promised to cut and manufacture into lumber all of certain kinds and grades of timber, standing upon lands of the defendant, described in said contracts; that after partly performing the same, he discovered that the defendant was not the owner of said lands, and he was prevented from the further performance by the real owner of the lands.   He has brought this action alleging deceit and fraud and asking damages, his bill of particulars furnished upon demand of defendant's counsel being as follows:

" From May 7th to October 10th, 1905, inclusive:

| | | | |
|---|---|---|---|
| (1) | "To building lumber camps and roads | $200 | 00 |
| (2) | "To moving engines, boilers and mills | 800 | 00 |
| (3) | "To loss on materials furnished, camp equipage, lumbering outfits and mills | 600 | 00 |
| (4) | "To money paid for board and labor of men while idle in consequence of breach of contract | 300 | 00 |
| (5) | "To loss of benefits, gains and profits in favor of plaintiff caused by plaintiff being prevented by defendant from performing said contract as alleged in declaration | 7,000 | 00 |
| (6) | "To balance remaining due and unpaid on the lumber cut under verbal contract between plaintiff and defendant as to timber on lands other than those described in written contract | 600 | 00 |
| (7) | "To balance due for lumber manufactured from a portion of the lands described in written contract before plaintiff was compelled to discontinue further work under such written contract | 500 | 00 |
| | "Total | $10,000 | 00 " |

The trial resulted in a judgment for $1,404.75 in plaintiff's favor.   Defendant has appealed.

Points made in defendant's brief:

1.  " There being no evidence as to the amount of lumber gotten out *under each contract, items 6 and 7*, in the bill of particulars should have been withdrawn from the

consideration of the jury, and the court should have instructed the jury, under the evidence, that there could be no recovery on either of these items."

Items 6 and 7 related to balances earned by manufacture of lumber. There was evidence sufficient to go to the jury in relation to this. Some of it consisted of estimates and there was also testimony of inspections. While there was no separation of amounts in the inspections, the plaintiff testified to the maximum amount cut under the written contract, which made the ascertainment of the minimum cut under the oral contract a matter of subtraction merely, if the testimony was believed. It was contended that, under the terms of the contracts, said balances were not due and for that reason the court should have taken items 6 and 7 from the jury. This claim cannot be sustained, for the reason that if the jury sustained the claim of plaintiff upon the second count, he was entitled to damages for the breach of the contract, which right accrued at once, and a balance earned was an element to be considered, regardless of the terms of the contract as to the subject of payment. *Hosmer* v. *Wilson,* 7 Mich. 294; *Platt* v. *Brand,* 26 Mich. 173; *Obenauer* v. *Solomon,* 151 Mich. 570. Some other points are made in this connection, but none that would require the instruction contended for and therefore we do not discuss them.

2. "The court erred in allowing improper, prejudicial and incompetent questions to be asked regarding statements made by Charles Crawford, defendant's superintendent, and improper and prejudicial questions to be asked of him."

Mr. Crawford was defendant's superintendent. He was called by the defendant, and on cross-examination he was interrogated about conversations with various persons concerning his knowledge and statement regarding defendant's want of title, and motives in making the contracts in question. Upon the whole record, including the defendant's own statements that he did not own some of

the land, it is beyond dispute that he contracted for the cutting of timber that he did not own.   Hence such cross-examination, and some testimony of the· plaintiff, taken before Crawford was sworn, was not hurtful, even if it was improperly admitted.   It was only cumulative testimony upon a point conclusively proved by competent testimony.   It may truly be said that the testimony of statements made by Crawford to the effect that he was not surprised at plaintiff being stopped, by the State agent and others, from cutting, for the reason that ''defendant did not practically own all the land that the timber was on'' might lead the jury to think that defendant did not own the timber, but the consequences of his not owning practically all, would be no more effective as a breach of his contract, than his want of title to a substantial portion of the land or timber.   Some of the testimony was properly admitted as res gestæ; other parts of it were in the nature of impeachment of defendant's witness.

3.  ''The court erred in not allowing the defendant to introduce in evidence the tax deeds issued to him or Penoyar Bros. of a portion of the lands described in the contract.''

It is claimed that the defendant had some deeds and bills of sale, which he offered in evidence, and which were excluded.   Counsel stated at the time that he wanted them in evidence as the basis of the defendant's title. They were marked as Exhibits Nos. 13 to 43 inclusive. They are not printed, and we are unable to say from the record that any of them would have tended to show that the defendant had title.   But we understand that no one claims that these deeds and bills of sale would have established defendant's title to all, or substantially all, of the lands or timber, and their introduction would not have justified the claim that defendant had not broken his contract, or that they would have changed plaintiff's right to treat the contract as terminated, nor would they have affected the measure of damages.

It is also asserted that these papers would have tended

to show defendant's good faith. His good faith would not relieve him from the consequences of his want of title. Again, it does not appear that any of them ran to the defendant, and we discover no showing of competency. Defendant was given the opportunity of showing his good faith by any competent testimony.

4. "The court failed to instruct the jury that there could be no recovery under items 3 and 5."

The court instructed the jury as to what items in the bill of particulars they might consider. Nos. 3 and 5 were not among them, and in a discussion of the subject, in the jury's presence, on the argument relating to requests to charge, the court said that they were not to be considered. We think that the subject was made plain.

5. "The court for a number of reasons should have instructed the jury that the plaintiff could not recover."

We have covered all the points discussed in the brief under this head in what has been said.

6. It was not error to submit the cause to the jury on the special count.

We find no error, and the judgment is affirmed.

OSTRANDER, MOORE, CARPENTER, and MCALVAY, JJ., concurred.