BROWN v. MUDGE.

VENDOR AND PURCHASER—DEFAULT—FORECLOSURE—PREMISES MAY NOT BE SOLD TO SATISFY FUTURE PAYMENTS WHERE CONTRACT DOES NOT SO PROVIDE.

Where there was no provision in a land contract permitting the vendors to declare the whole purchase price due upon default by the vendees in any of its conditions,

Vendor and Purchaser, 39 Cyc. p. 1877.

the interest to be sold, on foreclosure, is the equitable title of the vendee, and the court below was therefore in error in ordering a sale of the premises to satisfy the entire purchase price, both due and to become due, since to do so would be to declare a forfeiture, which a court of equity may not do.

Appeal from Grand Traverse; Gilbert (Parm C.), J. Submitted January 5, 1928; resubmitted March 27, 1928. (Docket No. 79.) Decided April 3, 1928.

Bill by Ephraim C. Brown and another against Harry E. Mudge and others for the foreclosure of a land contract. From a decree for plaintiffs, defendants appeal. Reversed and remanded.

*Patchin & Duncan,* for plaintiffs.

*M. W. Underwood,* for defendants.

McDONALD, J. This bill was filed to foreclose a land contract made by the plaintiffs to the defendants for the sale of certain real estate in Traverse City, Michigan. The purchase price was $12,000, on which there was a down payment of $1,000. The balance was to be paid in payments of $125 or more per month with interest at 7 per cent. None of the monthly payments was made, and the plaintiffs began suit for foreclosure. The decree entered found that there was $3,467.85 due at that date and gave the defendants until July 9, 1927, to pay it, and in default of such payment ordered a sale of the premises at public auction, subject to the interests of Julia S. McManus, who held the legal title, to satisfy the entire purchase price, both due and to become due, amounting to $11,000, and provided for a personal decree for deficiency. From this decree the defendants have appealed.

There is no provision in the contract permitting the vendors to declare the whole purchase price due upon

default by the vendees in any of its conditions. · In view of this fact, the circuit judge was wrong in ordering a sale to satisfy an amount including that to become due.    In *Cady* v. *Taggart*, 223 Mich. 191, 195, it is said:

"The interest to be sold is the equitable title of the vendee, and this is to be sold to satisfy the amount past due on the contract.    To require a sale to satisfy payments to become due in the future would be to declare a forfeiture, which under repeated decisions of this court a court of equity may not do.    As applied to the instant case, it would be writing into the contract a provision the parties have not agreed to."

The decree is reversed, and the cause remanded for further proceedings.    The defendants will have costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.