WESBROOK LANE REALTY CORPORATION v. POKORNY.

1. TIME—RULE IN COUNTING.
    General rule in counting, where notice is required to be given for certain number of days or weeks, is to exclude the day from which notice begins to run and include that of performance.

2. SAME—COMPLIANCE WITH STATUTE.

Provisions of 3 Comp. Laws 1915, § 12900, that on sale under execution copy of notice thereof shall be. published once in each week for six successive weeks, was sufficiently complied with by publishing on February 8, 15, 22, and March 1, 8, 15, and 22, where sale was made on last day.

3. MORTGAGES — FORECLOSURE — NOTICE — STATUTE — COURT RULE— TIME.

Language of Circuit Court Rule No. 58, § 5, that ''sales under decrees of foreclosure shall not be ordered on less than six full weeks or 42 days' notice,'' while differing from that in the statute (3 Comp. Laws 1915, §§ 12900, 12966), *held*, not to express clear intention to change statutory requirement.

4. SAME—NOTICE OF FILING REPORT OF SALE.

Defendants' objections to order confirming report of sale made by circuit court commissioner were properly overruled, although no written notice of filing report was served on defendants' attorneys as required by Circuit Court Rule No. 52, § 2, where it is apparent that they had notice thereof, and plaintiff offered to permit redemption after time limited therefor had expired, so that no injury resulted to defendants therefrom.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 9, 1930. (Docket No. 35, Calendar No. 34,791.) Decided June 2, 1930.

Bill by Wesbrook Lane Realty Corporation, a Michigan corporation, against Otto Pokorny and another and Adolph Gluck and another to foreclose a mortgage on real estate. Cross-bill by Adolph Gluck and another against plaintiff and Otto Pokorny and another for money decree. From an order confirming sale under decree, defendants Gluck appeal. Affirmed.

*Beaumont, Smith & Harris,* for plaintiff.

*Shapero & Shapero,* for defendants Gluck.

SHARPE, J. Plaintiff foreclosed a real estate mortgage given by the Pokornys. The Glucks were subsequent purchasers under land contract. The Pokornys were defaulted. The Glucks appeal from an order overruling objections to the order confirming the report of sale made by a commissioner. It is contended that the publication of the notice of sale was insufficient.

Section 12966, 3 Comp. Laws 1915, provides that circuit court commissioners in selling real estate "shall give a like notice of such sale as is required by law in the case of the sale of real estate on execution." Section 12900, 3 Comp. Laws 1915, provides that on sale under execution a copy of the notice thereof "shall be published once in each week, for six successive weeks." The affidavit of publication attached to the report of the commissioner avers that publication was had on February 8, 15, 22, and March 1, 8, 15 and 22. The sale was held on the latter day. There were thus seven successive publications. If the first and last day be counted, we have 43 days; if either of them be counted, we have 42 days.

The general rule in counting such provisions is to exclude the day from which the notice begins to run and include that of performance. See *Gantz* v. *Toles,* 40 Mich. 725; *Bacon* v. *Kennedy,* 56 Mich. 329; *Casey* v. *Goetzen,* 240 Mich. 41.

Counsel for the defendants insist that the time of publication is governed by section 5 of Circuit Court Rule No. 58, which provides that—

"Sales under decrees of foreclosure shall not be ordered on less than six full weeks or forty-two days' notice   *   *   *   ."

While the language differs from that in the statute, we find no clear intention expressed to change

the statutory requirement, if the court by rule might do so, a question upon which we express no opinion.

Circuit Court Rule No. 52, section 2, reads (in part) as follows:

"After the report is filed either party may file an order of course to confirm the same, unless cause to the contrary thereof be shown in eight days after notice of its being filed."

While no written notice of the filing was served on defendants' attorneys, it is apparent that they had notice thereof. One of them had informed plaintiff's attorney that the defendants had not the money to redeem and would not do so, but desired to retain possession as long as possible. The plaintiff offered to permit redemption after the time limited therefor had expired. As no injury resulted to defendants from the lack of such service, the order overruling the objections filed is affirmed. *Union Trust Co.* v. *Detroit Trust Co.,* 240 Mich. 646; *Larson* v. *Guaranty Trust Co.,* 248 Mich. 211. The appellee will have decree for costs against the defendants Gluck and the sureties on their appeal bond.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.