SCHENCK v SEAMON

Docket No. 62115. Submitted November 4, 1982, at Grand Rapids.—
    Decided March 22, 1983.
    Plaintiffs, Ben H. and Joann Schenck, entered into a consent
    judgment with defendants, Yvonne A. and Donald C. Seamon,
    Charlevoix District Court. Plaintiffs garnished the wages of
    defendant Yvonne Seamon, who moved to quash the writ,
    arguing that under the married women's property acts she was
    not required to pay marital debts out of her separate property.
    The district court denied the motion, the Charlevoix Circuit
    Court reversed, Martin B. Breighner, J., and plaintiffs appealed
    by leave granted. *Held:*
        The Constitution has abrogated the doctrine of coverture in
    Michigan.
        Reversed.

1. CONSTITUTIONAL LAW — JUDICIAL CONSTRUCTION — STATUTES.
    Technical rules of statutory construction do not apply to the
    construction of a constitution.

2. CONSTITUTIONAL LAW — COVERTURE.
    The Constitution has abrogated the doctrine of coverture in
    Michigan (Const 1963, art 10, § 1).

*Powers & Cassidy* (by *Ronald W. Powers),* for
plaintiff.

*Klevorn, Dreyer & DuBois* (by *Michael K. Coo-
per),* for defendant.

Before: MACKENZIE, P.J., and R. M. MAHER and
C. W. SIMON,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law §§ 90, 91.
[2] 41 Am Jur 2d, Husband and Wife §§ 16, 17.
    * Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. On January 24, 1979, plaintiffs entered into a consent judgment with defendants, then husband and wife, for payment of past-due rent on the marital home. Defendants did not comply with the terms of the consent judgment and, in September, 1980, plaintiffs began garnishing defendant Yvonne Seamon's[1] wages. Ms. Seamon filed a motion to quash the writ of garnishment in district court, arguing that, under the married women's property acts, specifically MCL 557.52; MSA 26.182, MCL 557.53; MSA 26.183,[2] she was not required to pay marital debts out of her separate property. The district court denied Ms. Seamon's motion. She appealed to the circuit court. That court reversed and plaintiffs appeal.

The issue that divided the courts below and the one we must decide on appeal is whether a married woman may be held liable to the extent of her separate property for debts incurred jointly with her husband. In pertinent part, the married women's property acts provide as follows:

"Hereafter married women shall be possessed of the power and capacity, and it shall be competent for them to bind and makes [make] themselves jointly liable with their husbands upon any written instrument as hereinafter provided. *Said liability to extend, however, only to the property described in the following section.* MCL 557.52; MSA 26.182.

"Hereafter the real estate of the husband and wife owned by them as tenants by entirety, or the real estate acquired by either as survivor of the other, or in the event of divorce the interest of either in real estate which was previously owned by them as tenants by the entirety, shall be liable to seizure and sale on execution,

---

[1] Defendant Yvonne Seamon is presently divorced from defendant Donald Seamon, who has taken no part in this action.

[2] These sections were repealed by 1981 PA 216. This action arose, however, while the old law was still in effect.

and all personal property and choses in action owned by husband and wife jointly with right of survivorship therein, shall be subject to writ of garnishment and all other process provided by law, in satisfaction of any judgment which has been recovered against the persons who were at the time of the execution of such written instrument husband and wife jointly or the survivor upon any instrument signed by both. *In case the wife is the survivor, or in case the husband and wife have been divorced prior to the recovery of the judgment, a judgment against the wife may be satisfied only out of such property.*" MCL 557.53; MSA 26.183. (Emphasis added.)

Under these provisions, a woman who is liable on a written instrument with her husband is liable only to the extent of jointly held property; a judgment entered on the written instrument may not be satisfied out of her separate property. Const 1963, art 10, § 1 provides:

"*The disabilities of coverture as to property are abolished.* The real and personal estate of every woman acquired before marriage and all real and personal property to which she may afterwards become entitled shall be and remain the estate and property of such woman, and shall *not be liable for the debts, obligations or engagements of her husband,* and may be dealt with and disposed of by her as if she were unmarried. Dower may be relinquished or conveyed as provided by law." (Emphasis added.)

Plaintiffs contend that the above constitutional provision abolished the limited liability of the married women's property acts. Defendant argues, however, that the constitution left this protection undisturbed.

The issue before us has been analyzed thoroughly by two panels of this Court. In *City Finance Co v Kloostra,* 47 Mich App 276; 209 NW2d

498 (1973), this Court held that a married woman's limited liability survived the adoption of the Michigan Constitution of 1963. In construing the constitution, the *Kloostra* Court sought to "effectuate the intent" of the drafters. *City Finance Co v Kloostra, supra,* p 282. Delving deep into the record of the constitutional convention, the Court found that the delegates distinguished between a "disability of coverture" and a "defense of coverture". The former refers to a married woman's incapacity, at common law, to make a binding contract. The latter designates the use of that incapacity to avoid personal liability once a contract has been made. The Court concluded that the delegates, for a variety of reasons, intended to abolish only the "disability of coverture". Thus, the *Kloostra* Court held that the limited liability of the married women's property acts survived the constitution.

Another panel of this Court, however, has reached the opposite conclusion. *Michigan National Leasing Corp v Cardillo,* 103 Mich App 427; 302 NW2d 888 (1981). In an opinion authored by Justice (then Judge) D. C. RILEY, the *Cardillo* Court offered a different analysis of the constitutional issue. It noted at the outset that *Kloostra,* by attempting to divine the intent of the delegates at the constitutional convention, applied the rules of statutory, rather than constitutional, construction. The words in the constitution, the Court continued, are to be given

" 'their plain, natural import, and a court is not at liberty to disregard the plain meaning of the words in order to search for some other conjectured intent.' " *Cardillo, supra,* p 433, quoting *Council 23 AFSCME v Wayne County Civil Service Comm,* 32 Mich App 243, 247-248; 188 NW2d 206 (1971).

Applying this standard, the Court found that the language of art 10, § 1, "clearly and naturally conveys to the people of this state * * * that the common law disability of coverture, at least as it relates to property, has been abolished". *Cardillo, supra,* p 433. The Court went on to reject the distinction between the "disability" and "defense" of coverture, arguing that they are both rooted in the same concept. Accordingly, the *Cardillo* Court concluded that art 10, § 1, abolished a married woman's limited liability under the married women's property acts.

We believe that *Cardillo, supra,* has correctly assessed the impact of art 10, § 1. The constitution plainly abolished the disability of coverture. That "disability" refers to a married woman's common-law incapacity to make a binding contract. Obviously, such incapacity could have been used at common law to avoid personal liability. But once the incapacity is abolished, so is the defense. Thus, art 10, § 1, by extinguishing a married woman's incapacity to contract, also abolished the limited liability derived from it and codified in the married women's property acts.

This conclusion is supported by equitable considerations as well. As *Cardillo, supra,* p 434, remarked: "It would be highly inequitable to allow a married woman to rely on the abolishment of the disability aspect in one instance while allowing her to implore it as a defense in another."

Accordingly, we hold that the limited liability afforded a married woman by MCL 557.52; MSA 26.182 and MCL 557.53; MSA 26.183 has been abolished. The circuit court's order reversing the district court's denial of defendant Yvonne Seamon's motion to quash the writ of garnishment is reversed.

Reversed. No costs, a public issue being involved.