CARPENTER v SMITH

Docket Nos. 78377, 79279. Submitted April 9, 1985, at Lansing.—
Decided December 16, 1985. Leave to appeal applied for.

Henry Lang sold real estate to defendants, J. D. Smith and Ina
M. Smith, on a land contract. Lang also sold J. D. Smith his bar
business, located on the same property, accepting a promissory
note. The bar building later burned, and Lang received a
portion of the insurance proceeds, which were credited against
the balance on the promissory note. The note was thereafter
cancelled and the remaining balance added to the balance
owing under the land contract. The defendants agreed to recon-
struct the bar building. However, they did not do so, and they
sold the liquor license to a third party. They made no further
payments on the land contract and paid no property taxes.
Lang brought an action to foreclose the land contract on the
basis of default. Plaintiff, Rosemary J. Carpenter, personal
representative of the estate of Henry Lang, deceased, was
substituted as party plaintiff after Mr. Lang died. The Genesee
Circuit Court, Thomas C. Yeotis, J., entered a judgment of
foreclosure and ordered the acceleration of payments even
though the land contract contained no acceleration clause. The
court found the defendants to be jointly and severally liable.
Subsequently, the property was purchased at a sheriff's sale by
the estate of Henry Lang, and deficiency judgment was entered
against defendants. The defendants appealed separately from
the judgment of foreclosure and the order confirming the
foreclosure sale and the deficiency judgment. *Held:*

1. The trial court did not err in applying the doctrine of
anticipatory breach to order acceleration of the payments, even
though the land contract did not contain an acceleration

REFERENCES

Am Jur 2d, Contracts §§ 365, 428, 441, 443-457.
Am Jur 2d, Husband and Wife § 185.
Am Jur 2d, Vendor and Purchaser §§ 404, 694-709.
What constitutes anticipatory repudiation of sales contract under
    UCC § 2-610. 1 ALR4th 527.
See also the annotations in the ALR3d/4th Quick Index under
    Contracts.

clause. The actions and the stated intentions of the defendants amounted to a complete renunciation of the contract.

2. Notice was posted more than 42 days prior to the sale and was advertised in each of the six weeks prior to the sale. This was sufficient notice even though the time from first publication to sale was less than 42 days. Furthermore, defendants' challenge to the notice was brought for the first time on appeal and was, therefore, not timely.

3. Defendants properly may be held jointly and severally liable.

4. The foreclosure sale price was sufficient.

Affirmed.

B. A. JASPER, J., dissented, and would hold that the trial court erred in ordering accelerated payment of the land contract installments because foreclosure of land contracts is governed by statute and is an equitable procedure in which the court has no authority to accelerate the payments absent an acceleration clause in the contract. Judge JASPER would reverse.

## OPINION OF THE COURT

1. CONTRACTS — ANTICIPATORY BREACH OF CONTRACT — ACCELERATION OF PAYMENT.

Generally, a court lacks the authority to decree the entire amount of a contract due in the absence of an acceleration clause in the contract; however, where there has been an anticipatory breach of the contract by one party the other party may treat the entire contract as broken and may sue immediately for the breach.

2. CONTRACTS — REFUSAL TO PERFORM CONTRACT.

An unqualified refusal of a party to perform pursuant to the terms of a contract enables the other party to sue immediately for future payments due under the contract.

3. VENDOR AND PURCHASER — FORECLOSURE — NOTICE OF FORECLOSURE.

Notice of a foreclosure sale is sufficient if it is posted more than 42 days prior to the sale and is published once in each of the six weeks prior to the sale, even if the time from first publication to sale is less than 42 days (MCL 600.6052; MSA 27A.6052, GCR 1963, 745.3).

4. VENDOR AND PURCHASER — FORECLOSURE — APPEAL.

A foreclosure sale will not be set aside on appeal where, for the

first time on appeal, the party challenging the foreclosure sale
does so based upon "mere technical irregularities".

5. Husband and Wife — Contracts — Promissory Notes.

A married woman may be held jointly and severally liable on a
promissory note which she and her husband executed even
though no consideration passed directly to her separate estate
(Const 1963, art 10, § 1).

6. Vendor and Purchaser — Foreclosure.

The trial court may fix and determine the minimum price at
which real property may be sold at a foreclosure sale; the court
may decline confirmation of a sale if the amount bid is so
inadequate as to shock the conscience of the court.

7. Vendor and Purchaser — Foreclosure — State Equalized
Value.

The state equalized value of real property does not reflect the
forced nature of a foreclosure sale.

Dissent by R. A. Jasper, J.

8. Vendor and Purchaser — Land Contracts — Foreclosure —
Breach of Contract.

*The foreclosure of land contracts is governed by statute; although
there is a breach, or even an anticipatory breach, of a land
contract, the defendant may cure the breach at any time by
paying the principal, interest, and costs into court before
judgment is finally entered (MCL 600.3110; MSA 27A.3110).*

9. Vendor and Purchaser — Land Contracts — Equity.

*An action to foreclose a land contract is equitable in nature; and
a court of equity lacks the authority to declare the entire
amount of a land contract due upon a breach absent an
acceleration clause in the contract.*

*Paul V. Gadola,* for plaintiff.

*Charles R. Cole,* for defendants.

Before: R. B. Burns, P.J., and Shepherd and
B. A. Jasper,* JJ.

Shepherd, J. Defendants appeal as of right from

* Recorder's court judge, sitting on the Court of Appeals by assign-
ment.

a judgment of foreclosure on a land contract. The court granted acceleration of the payments remaining on the contract. Defendants have filed a separate claim of appeal from the trial court's subsequent order confirming the foreclosure sale and from a deficiency judgment against defendants of $88,559.34. We affirm.

The deceased, Henry Lang, sold defendants certain real estate in Genesee County. The land contract shows a price of $88,000, with a $30,000 down payment and monthly installments of $500. Lang also sold his bar business (conducted on the same property) and equipment to defendant J. D. Smith for $80,000, with a $20,000 down payment. Lang accepted a promissory note of $60,000, payable in $600 monthly installments.

Later, the bar building and equipment burned. There was a fire insurance policy with coverage up to $120,000. The parties agreed that Lang would receive $44,000 from the insurance proceeds, to be credited against the balance on the promissory note. The note was cancelled and the remaining balance added to the balance under the land contract. Defendants agreed to an increase of the monthly payments to $800. They also agreed to reconstruct the bar building in a manner equivalent to its former condition. Defendants received $76,000 from the insurance proceeds.

Before trial, defendants stipulated that they had no intention of fulfilling any of their obligations under the agreement written after the fire. They had made no payments on the land contract and no repairs to the building. They also failed to pay the property taxes as required by the land contract. Defendants had stripped the property of valuable fixtures. The local authorities condemned the building. In addition, defendants entered into a contract to sell the liquor license.

Though the land contract contained no acceleration clause, the trial court granted acceleration of the remaining payments. The court concluded that, since defendants had evinced an intention to renounce the contract, "the doctrine of anticipatory breach [was] clearly applicable".

The court entered the judgment of foreclosure on April 9, 1984, and fixed April 13 as the time for payment. The sheriff posted notice of the foreclosure sale on April 10. Publication began on April 20 and continued once each week until May 25. The estate of Henry Lang purchased the property at the foreclosure sale on May 29, 1984, Mr. Lang having died. On June 18, 1984, the trial court entered the deficiency judgment against defendants, "jointly and severally".

Defendants raise four issues.

## I. Acceleration of Payments in Absence of Acceleration Clause.

Defendants argue that the trial court erred by granting acceleration of the payments in the absence of an acceleration clause. We conclude that the court properly applied the doctrine of anticipatory repudiation to this matter.

Ordinarily, the court lacks authority "to decree the entire amount due in the absence of an acceleration clause in the contract". *Lutz v Dutmer,* 286 Mich 467, 488; 282 NW 431 (1938), *Benincasa v Mihailovich,* 31 Mich App 473, 478; 188 NW2d 136 (1971). But "where there has been an anticipatory breach of a contract by one party * * * the other party may treat the entire contract as broken and may sue immediately for the breach". 17 Am Jur 2d, Contracts, § 448, p 910 (citations omitted). An unqualified refusal to perform enables the other party to sue immediately for future pay-

ments. *Mott v Penoyar,* 153 Mich 273, 276; 116 NW 1110 (1908); *Obenauer v Solomon,* 151 Mich 570, 576; 115 NW 696 (1908); *Hosmer v Wilson,* 7 Mich 294, 304; 74 Am Dec 716 (1859). "In ascertaining whether an anticipatory breach of a contract has been committed by a party, it is the intention manifested by his acts and words which controls, and not his secret intention." 17 Am Jur 2d, *supra,* p 911.

In this case, defendants' conduct shows an intention not to perform their contractual obligations. They made no payments and did not begin to reconstruct the building. They paid no property taxes and arranged to sell the liquor license. These actions amount to a complete renunciation of the contract. In addition, defendants stipulated that they had no intention to perform at any time in the future and chose to rely solely on the absence of an acceleration clause in the land contract.

In their reply brief, defendants cite Restatement Contracts, 2d, § 243 for the proposition that the doctrine of anticipatory repudiation does not apply where the only remaining obligation is payment of money in installments. This rule may also be found in *Jackson v American Can Co,* 485 F Supp 370 (WD Mich, 1980). Defendants cannot find refuge there, however, since their contractual obligations include restoration of the building in addition to the monthly payments.

## II. ADEQUACY OF NOTICE AND PUBLICATION

Defendants argue that the notice of foreclosure sale was inadequate under MCL 600.6052; MSA 27A.6052:

"Prior to the sale of any real estate taken on execution, notice of the time and place of holding the sale,

the notice to describe the real estate with common certainty by setting forth the name or number of the township in which it is located, and the number of the lot, or by other appropriate description of the premises shall be given as follows:

"(1) A written or printed notice shall be displayed in 3 public places in the township or city where the real estate is to be sold *at least 6 weeks prior to the sale,* and if the sale is in a township or city other than that wherein the premises are located, notice shall also be displayed in 3 public places in the township or city in which the premises are located.

"(2) *A copy of the notice shall be published once each week for the 6 successive weeks prior to the sale* in a newspaper printed in the county in which the premises are located * * *." (Emphasis added.)

Also noteworthy is GCR 1963, 745.3:

"Sales under judgments of foreclosure shall not be ordered on less than 6 full weeks or 42 days' notice, and publication shall not commence until the time fixed by the judgment for payment has expired * * *."

See, also, MCR 3.410(C).

Each of these provisions requires a full 42 days notice of some sort. Plaintiff contends that notice was sufficient because the sheriff posted a written notice on April 10, 49 days before the sale, and a copy was published once during each of the six weeks in advance of the sale. Defendants argue that publication, as well as posting, must begin at least six full weeks before the sale.

We hold that publication was sufficient in this case because it was made once in each of the six weeks prior to the sale and there were more than 42 days notice by posting. The statute and court rule each allow for a distinction between posting and publication. The statute clearly requires a full six weeks notice by posting, but does not clearly

require the same of publication. MCL 600.6052. The Legislature could have easily used the same language with respect to publication as with the posting requirement, but it did not. The court rule is no clearer. It requires "6 full weeks" notice, but discloses nothing as to the method.

The courts of other jurisdictions are split in their resolutions of this precise issue:

"The statutes regarding foreclosure sales usually specify the length of time for which a notice thereof must be given or published. Where notice of a mortgage sale is required to be given for a certain number of weeks successively, there is a difference of judicial opinion as to whether or not 7 days must be given as a week's notice. In some jurisdictions such a provision is considered to be complied with if notice is published once in each week for that number of weeks, although the number of days from the first publication to the day of sale is not equal to the number of days in that number of weeks. But other authorities take the view that a publication for a certain number of weeks must be made for as many days before the day of sale as there are days in the number of weeks required." 55 Am Jur 2d, Mortgages, § 638, p 599 (citations omitted).

A statement in 16 Michigan Law & Practice, Mortgages, § 313, p 543, supports defendants' interpretation of the statute, but is itself supported only by reference to a single, ancient circuit court opinion. *Goodwin v Burns,* 1 Mich NP 228 (1870), aff'd 21 Mich 211 (1870). In *Wesbrook Lane Realty Corp v Pokorny,* 250 Mich 548, 550; 231 NW 66 (1930), the Supreme Court held that, in calculating the number of days of notice given, the first day of publication does not count but the date of sale should be counted. The Court appeared to assume that the first publication must be made at least 42 days before the sale. However, the Court's opinion does not disclose whether in that case, as here,

notice was posted well in advance of the initial publication. We are satisfied that a reasonable interpretation of the statute makes publication sufficient if it occurs one time in each of the six weeks prior to sale even if 42 days do not elapse between the first publication and the date of sale—provided that the 42 day notice requirement has been met.

Although we hold that there was sufficient notice in this case, we would not grant defendants relief even if we held the opposite view. Defendants did not challenge the adequacy of the notice in the trial court. Where, for the first time on appeal, the defendant challenges the foreclosure sale "based upon mere technical irregularities", the sale will not be set aside. *Madill v Michigan National Bank,* 302 Mich 251, 255; 4 NW2d 538 (1942). For example, in *Goodwin, supra,* the Supreme Court acknowledged that the foreclosure sale "had not been sufficiently noticed", but affirmed the trial court's refusal to reopen the matter because the defendant did not make a timely objection on that ground in circuit court. 21 Mich 212-213. In this case, defendants objected only on the ground that the judgment did not fix a time for payment, an objection which was properly denied because the judgment specifically set April 13, 1984, as the payment date. Defendants have waited too long to raise the notice issue.

### III. JOINT AND SEVERAL LIABILITY OF HUSBAND AND WIFE

Next, defendants assert that defendant Ina Smith's assets may not be used to satisfy the joint debt which she entered into with her husband. In *City Finance Co v Kloostra,* 47 Mich App 276; 209 NW2d 498 (1973), one panel of this Court held that the Married Women's Property Act, MCL 557.52 *et*

*seq.;* MSA 26.182 *et seq.,* was not superseded by Const 1963, art 10, § 1. The Court held that execution was limited to the personal assets of a woman who co-signed a promissory note with her husband, "unless consideration for the note passed directly to her separate estate". 47 Mich App 284-285. We agree with the panels which have more recently reached the opposite conclusion. *Manufacturers National Bank of Detroit v Pink,* 128 Mich App 696, 699-700; 341 NW2d 181 (1983); *Schenck v Seamon,* 124 Mich App 438, 441-442; 335 NW2d 63 (1983); *Michigan National Leasing Corp v Cardillo,* 103 Mich App 427; 302 NW2d 888 (1981). We also note that the above-cited statute has been repealed.[1] Defendants may be held jointly and severally liable.

### IV. ADEQUACY OF FORECLOSURE SALE PRICE

Defendants challenge the adequacy of the foreclosure sale price, which was $14,200. According to defendants, this was grossly inadequate, given the state equalized value of more than $15,000 and the location of the property on a main thoroughfare.

"[T]he court may fix and determine the minimum price at which the real property covered by the mortgage or land contract may be sold" at the foreclosure sale. MCL 600.3155; MSA 27A.3155, *Kramer v Davis,* 371 Mich 464, 471; 124 NW2d 292 (1963). The court may exercise its discretion to decline confirmation of a foreclosure sale if the amount bid is so inadequate as to shock the conscience of the court. *Detroit Trust Co v Hart,* 274 Mich 144, 146; 264 NW 321 (1936).

We find no abuse of discretion in this case. Mr. Lang, the land contract vendor, was the only bidder. His bid was based on an appraisal by a

---

[1] 1981 PA 216. See, MCL 557.29(c); MSA 26.165(9)(c).

local realtor. Defendants submitted no real evidence of the property's value. The state equalized value does not reflect the forced nature of the foreclosure sale. "[T]he element of compulsion reduces the value of property." *United Growth Corp v Kelly Mortgage & Investment Co,* 86 Mich App 82, 86; 272 NW2d 340 (1978), *lv den* 406 Mich 855 (1979). "Reality requires that the court make some concession to the forced nature of the sale." *Id.*

Affirmed.

R. B. Burns, P.J., concurred.

B. A. Jasper, J. *(dissenting).* I respectfully dissent. Today, the lead opinion applies the doctrine of anticipatory breach to a land contract foreclosure proceeding and thus permits the circuit court to accelerate the installment payments not yet due under the parties' contract to purchase real estate in Genesee County.

The foreclosure of land contracts is governed by statute. See MCL 600.3103 *et seq.;* MSA 27A.3101 *et seq.* Under Chapter 31 of the Revised Judicature Act, there is no provision for the doctrine of anticipatory breach. On the contrary, the act provides that a complaint in foreclosure "shall be dismissed upon the defendant's bringing into court, at any time before the judgment of sale, the principal and interest due, with costs". See MCL 600.3110; MSA 27A.3110. It follows, therefore, that although there is a breach, or even an anticipatory breach, of a land contract, the defendant may cure this breach at any time by paying the principal, interest, and costs into court before judgment is finally entered.

The long-standing rule in Michigan has been that absent an acceleration clause in the parties' land contract, the circuit court lacks the authority

to decree the entire contract price due. See *Lutz v Dutmer,* 286 Mich 467, 488; 282 NW 431 (1938); *Brown v Mudge,* 242 Mich 324; 218 NW 687 (1928); *Cady v Taggart,* 223 Mich 191, 195; 193 NW 848 (1923); *Benincasa v Mihailovich,* 31 Mich App 473, 478; 188 NW2d 136 (1971). The reason for this rule is that "[t]o require a sale to satisfy payments to become due in the future would be to declare a forfeiture, which under repeated decisions of [the Supreme] [C]ourt a court of equity may not do". *Cady v Taggart, supra,* p 195.[1] To date, actions under Chapter 31 of the Revised Judicature Act are still "equitable in nature". MCL 600.3180; MSA 27A.3180.

The anticipatory-breach exception now advanced by the lead opinion has never before existed in either law or equity in land contract foreclosure proceedings in Michigan.[2] Therefore, unless or until the Supreme Court or Legislature decide to carve out such an exception in land contract foreclosure proceedings, I cannot follow the lead opinion's view. See and compare *Dumas v Helm,* 15 Mich App 148, 151-152; 166 NW2d 306 (1968), *lv den* 382 Mich 759 (1969), where this Court held that, notwithstanding a plaintiff's investment in property, a defendant has a right to declare the

---

[1] Forfeiture proceedings are also governed by statute. See MCL 600.5726 *et seq.;* MSA 27A.5726 *et seq.* However, an executory contract, which must provide for such forfeiture, "shall not include any accelerated indebtedness by reason of breach of the contract". MCL 600.5726; MSA 27A.5726. Plaintiff's action is not one to forfeit the land contract.

[2] The lead opinion cites three Supreme Court cases to support the proposed anticipatory-breach exception to *the* rule that the circuit court lacks authority to accelerate future installment payments under a land contract which does not have an acceleration clause. However, none of these three cases involved the foreclosure of a land contract. See *Mott v Penoyar,* 153 Mich 273; 116 NW 1110 (1908) (breach of timber contract); *Obenauer v Solomon,* 151 Mich 570; 115 NW 696 (1908) (breach of timber sale contract); *Hosmer v Wilson,* 7 Mich 294; 74 Am Dec 716 (1859) (breach of labor and materials contract).

total unpaid balance due if the contract contains an acceleration clause because a court of equity can neither enlarge nor abridge legal rights created by statute.

Accordingly, I would hold that the circuit court erred in accelerating the installments not yet due under the parties' land contract.