*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PARAMOUNT RESIDENTIAL MORTGAGE
GROUP, INC., and CENLAR FSB,

       Plaintiffs-Appellees,

v

DUSTA DUKIC,

       Defendant-Appellant,

and

NICOLA DUKIC,

       Defendant,

and

KENNETH J. PETERSON,

       Other Party.

UNPUBLISHED
July 29, 2021

No. 351468
Macomb Circuit Court
LC No. 2018-003918-CH

Before: GADOLA, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

-1-

Defendant, Dusta Dukic, appeals as of right the trial court's order confirming a foreclosure sale, granting a money judgment, and granting a release of lis pendens in favor of plaintiffs, Paramount Residential Mortgage Group, Inc., and Cenlar FSB.[1] We affirm.[2]

Defendant and Nicola Dukic executed a mortgage on a home located in Washington, Michigan (herein "the property"), in favor of Mortgage Electronic Registration Company in the amount of $255,290. Defendant also executed a promissory note in favor of plaintiff in the amount of $255,290 to secure the loan. Mortgage Electronic Registration Company assigned the mortgage to plaintiff, making plaintiff the mortgagee. Subsequently, plaintiff foreclosed on the mortgage for nonpayment. On May 25, 2018, the property was sold to plaintiff at a public sale for $237,000.

On October 10, 2018, plaintiff filed a complaint for judicial foreclosure against defendant and Dukic, asserting that it wished to set aside the May 25, 2018 foreclosure and the sheriff's deed executed as a result of the sale because there was a possibility that plaintiff had conveyed the incorrect date of sale to defendant. Plaintiff asserted that it wished to set aside the prior foreclosure sale in an effort to avoid any appearance of unfairness. Upon setting aside the prior foreclosure sale, defendant would again have an interest in the property and payment would be owed on the mortgage. Thus, plaintiff requested that the court (1) judicially set aside the sheriff's deed, (2) enter declaratory judgment that plaintiff's mortgage on the property was the enforceable first lien on the property, and (3) enter judgment in favor of plaintiff against defendant and Dukic for foreclosure of plaintiff's mortgage to satisfy the outstanding debt. Defendant was personally served with the summons and complaint, but failed to respond. On November 8, 2018, the court entered a default against defendant for failure to file an answer to the complaint.

On November 9, 2018, plaintiff moved for entry of a default judgment against defendant[3], requesting that the court enter a judgment for the relief requested in the complaint. On November 26, 2018, the court held a hearing on plaintiff's motion for entry of a default judgment, at which defendant and her counsel, Brandon Lefkowitz, appeared. The hearing concluded to allow Lefkowitz a chance to review the proposed default judgment. At 4:39 p.m. on the same day,

---

[1] Cenlar FSB is the loan servicer for Paramount Residential Mortgage Group, Inc. Hereafter, Paramount Residential Mortgage Group, Inc., is referred to as "plaintiff."

[2] Kenneth J. Peterson is designated an "other party" to this appeal. He is the current homeowner of the property at issue in this case, and he filed a response to defendant's motion to stay the eviction. On March 17, 2021, this Court denied defendant's motion to stay the eviction. *Paramount Residential Mortgage Group, Inc v Dukic*, unpublished order of the Court of Appeals, entered March 17, 2021 (Docket No. 351468). On April 9, 2021, the Michigan Supreme Court denied defendant's application for leave to appeal this Court's denial for failure to persuade the Court that the issue should be reviewed. *Paramount Residential Mortgage Group, Inc v Dukic*, 956 NW2d 524 (Mich, 2021).

[3] The default judgment at issue on appeal was only filed against defendant. A separate default judgment was entered against Dukic. Dukic is not a party on appeal.

plaintiff electronically filed the proposed default judgment with the court. The court signed the default judgment on November 28, 2018.

On September 13, 2019, plaintiff purchased the property at a public sale for $248,250, and a sheriff's deed was executed. On September 19, 2019, plaintiff filed a postjudgment motion requesting that the court (1) confirm all aspects of the September 13, 2019 sale of the property, (2) release the lis pendens, and (3) enter a money judgment against defendant for $86,897.70, which was the remaining balance after the bid price of $248,250 plus interest at 4.5% per annum for 291 days to the date of sale on September 13, 2019. In response, defendant argued that the November 28, 2018 default judgment had been entered in violation of MCR 2.602(B)(3), i.e., the seven-day rule, and she had not gotten notice of the default judgment prior to its entry. Defendant also argued that the money judgment was excessive because plaintiff purchased the home for approximately $100,000 less than its value. The court found that the process had been proper. The court granted plaintiff's motion and entered the order confirming sale, granting the money judgment, and releasing the lis pendens. This appeal follows.

## I. ENTRY OF DEFAULT JUDGMENT

Defendant argues that the trial court improperly entered the default judgment in violation of MCR 2.602(B)(3), i.e., the seven-say rule. We disagree.

This Court reviews for an abuse of discretion a trial court's decision to enter a default judgment. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). "A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes." *Id*. Foreclosure actions are equitable and this Court reviews de novo a trial court's equitable decisions. *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 523; 730 NW2d 481 (2007). "This Court reviews de novo whether the trial court properly interpreted and applied the relevant statutes and court rules." *Franks v Franks*, 330 Mich App 69, 86; 944 NW2d 388 (2019).

MCR 2.602(B) governs the manner by which a judgment or order of the court can be entered. MCR 2.602(B) provides, in relevant part, the methods in which an order or judgment may be entered:

> (1) The court may sign the judgment or order at the time it grants the relief provided by the judgment or order.

> (2) The court shall sign the judgment or order when its form is approved by all the parties and if, in the court's determination, it comports with the court's decision.

> (3) Within 7 days after the granting of the judgment or order, or later if the court allows, a party may serve a copy of the proposed judgment or order on the other parties, with a notice to them that it will be submitted to the court for signing if no written objections to its accuracy or completeness are filed with the court clerk within 7 days after service of the notice. The party must file with the court clerk the notice and proof of service along with the proposed judgment or order.

(a) If no written objections are filed within 7 days of the date of service of the notice, the judge shall sign the judgment or order if, in the court's determination, it comports with the court's decision. If the proposed judgment or order does not comport with the decision, the court shall direct the clerk to notify the parties to appear before the court on a specified date for settlement of the matter.

On November 26, 2018, the court held a hearing on plaintiff's motion for entry of a default judgment, at which both defendant and Lefkowitz appeared. Lefkowitz explained that he had just recently been contacted by defendant and the hearing was the first opportunity he had to familiarize himself with the case. Lefkowitz stated that he had reviewed the pleadings and defendant was not necessarily against plaintiff's request to set aside the sheriff's deed and to restart the foreclosure process. The trial court asked Lefkowitz whether he had had the chance to review the proposed default judgment:

> [*The Court*]: All right. So, Counsel, have you looked at the proposed judgement [sic]?
>
> [*Lefkowitz*]: That, that I—I may not have an issue with it actually.
>
> [*The Court*]: Okay. Well, why don't you guys take a look at it. If there's no objections, I'll go ahead and grant the relief requested then based on the representations that were placed on the record today and provided in the pleadings.
>
> [*Lefkowitz*]: If you can give me a minute to take a—
>
> [*The Court*]: I'll give you a minute, yes. Take a look at it.
>
> Counsel, if you can sign it and send it up, at least plaintiff's counsel[.]

That was the extent of the hearing. It is unclear what occurred between the parties after the hearing concluded. The default judgment was filed with the court at 4:39 p.m. on the same day, and it was signed by the court on November 28, 2018. Lefkowitz was electronically served with the default judgment on December 5, 2018.

No action was taken in the court until plaintiff filed a postjudgment motion on September 19, 2019, for entry of an order for the confirmation of sale, a money judgment, and a release of lis pendens. Defendant filed a response, and for the first time, argued that the default judgment was entered improperly, contending that she had not been provided notice of the default judgment prior to its entry and that it had been entered in violation of MCR 2.602(B)(3). At the subsequent hearing on plaintiff's postjudgment motion, newly retained counsel for defendant, John Little, argued that defendant had not gotten notice of the entry of the default judgment. Little contended that the court signed the default judgment on November 28, 2018, two days after the motion hearing, which did not comply with any of the ways in which a default judgment can be entered under MCR 2.602(B). Because of the confusion regarding what occurred during the November 26, 2018 hearing, the court had the parties watch the recording from that hearing. After watching a video of the recording, the hearing resumed and the following transpired:

[*The Court*]:  Did it help?

[*Little*]:  I think it did, Judge.  Again, I didn't benefit from the transcript, and I only got a chance to watch it once, but it appeared to me that there was no stipulation as to the entry of the default judgment.  It did appear that the Court was granting the motion.

The attorney at that time for [defendant] represented that he had very modest issues with the form or content of the proposed order.  So that was, there were going to be some modifications made and, I believe based on what I could tell from the video, those modifications were made to it, and then it was submitted electronically.

\* \* \*

[*Plaintiff*]:  Your Honor, we did have a chance to listen, and while there was no stipulation, there essentially was an acquiescence to the entry of the judgement [sic].  The attorney recognized that there was a default, that foreclosure was forthcoming, and there were changes made.  I, as it turns out, I was here appearing for Ms. Clark on that date, and some of the changes were made, my recollection, based on what that attorney wanted as well[.]

Although it is not completely clear what occurred after the November 26, 2018 motion hearing ended, it appears from the record that Lefkowitz was presented with the proposed default judgment during the hearing, some modifications were made to the proposed judgment, and then it was submitted to the court at 4:39 p.m. on that same day.  The court signed the default judgment on November 28, 2018.

On appeal, defendant contends that, because the default judgment was signed two days after it was presented to Lefkowitz during the motion hearing, the way in which it was entered was not proper, and it should have been entered under MCR 2.602(B)(3), i.e., the seven-day rule.  The default judgment was entered in a manner consistent with MCR 2.602(B)(2), which provides that the "court shall sign the judgment or order when its form is approved by all the parties and if, in the court's determination, it comports with the court's decision."  The court instructed the parties to submit the order once any modifications were made, and the court would sign the judgment.  The record indicates that the parties made changes and agreed to the form.  The default judgment was submitted to the court electronically near the end of the business day on November 26, 2018, and it was signed by the court on November 28, 2018.  MCR 2.602(B)(2) requires that the court sign the judgment when the form is approved by the parties. That occurred in this case.  MCR 2.602(B)(2) does not require that the judgment is signed at the precise moment that the parties agree to its form.  Further, it was submitted to the court electronically on the same day that the parties agreed to its form.  Any delay in signing was likely due to the court's process or schedule.  Thus, it was not necessary for the default judgment to be entered under MCR 2.602(B)(3), the seven-day rule, and the trial court did not abuse its discretion when it entered the default judgment against defendant.

Even if the court had improperly entered the default judgment, "[a]n error in . . . anything done or omitted by the court or by the parties is not ground for . . . disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice." MCR 2.613(A). Defendant has failed to show that substantial injustice would result if the default judgment stands. Defendant relies on a potential procedural error to contend that the default judgment and subsequent order granting plaintiff confirmation of the sale, a money judgment, and release of lis pendens are void. However, defendant has not shown that she was prejudiced by the entry of the default judgment. The entry of the default judgment set aside the prior foreclosure and restarted the foreclosure process again allowing defendant a period to redeem the property. There is no evidence that she attempted to redeem the property. Moreover, defendant has not argued that anything in the default judgment was inaccurate or not agreed to by Lefkowitz prior to its entry. Defendant only contends that she was prejudiced by the entry of the default judgment because it allowed plaintiff to restart the foreclosure process. However, in the lower court, defendant admitted that she knew the purpose of the default judgment was, in part, to allow plaintiff to proceed with foreclosing on the property. The trial court did not abuse its discretion in entering the default judgment.

## II. MONEY JUDGMENT

Defendant argues that the money judgment cannot stand because it was entered as a result of the November 28, 2018 default judgment, which is void for failure to be properly entered. Because the trial court properly entered the default judgment, this argument lacks merit.

Defendant also argues that the money judgment against defendant for $86,897.70 was excessive because plaintiff bought the property for $248,250 when it was worth more than $330,000. Defendant contends that the trial court should have used its authority to reject the September 13, 2019 foreclosure sale because it was an inadequate bid price and shocked the conscience. We disagree.

Judicial foreclosures are governed by MCL 600.3101 *et seq.* "The circuit court has jurisdiction to foreclose mortgages of real estate and land contracts." MCL 600.3101. MCL 600.3150 addresses personal liability for a mortgage, and states, in part:

> In the original judgment in foreclosure cases the court shall determine and adjudge which defendants, if any, are personally liable on the land contract or for the mortgage debt. The judgment shall provide that upon the confirmation of the report of sale that if either the principal, interest, or costs ordered to be paid, is left unpaid after applying the amount received upon the sale of the premises, the clerk of the court shall issue execution for the amount of the deficiency, upon the application of the attorney for the plaintiff, without notice to the defendant or his attorney.

The default judgment ordered that "the entire unpaid balance of the mortgage debt has been accelerated and is due and payable, in the amount of $323,540.14, as of November 26, 2018, (which includes $7,789.37 in reasonable attorneys' fees incurred through November 7, 2018, recoverable under the mortgage), with interest accruing at a contractual annual rate of 4.5%." On September 13, 2019, the property sold for $248,250. The court entered the money judgment

against plaintiff for the balance of $86,897.70, which represented "the amount of the mortgage debt on November 26, 2018, plus interest at 4.5% per annum for 291 days to the date of sale on September 13, 2019, less the sale bid of $248,250."

Defendant does not contend that the balance is incorrect or contest the court's power to enter the money judgment against her. Defendant only contends that the money judgment was excessive and shocks the conscience because plaintiff purchased the property for approximately $100,000 less than the alleged value of the property. In *Carpenter v Smith*, 147 Mich App 560, 569; 383 NW2d 248 (1985)[4], this Court stated that a "court may exercise its discretion to decline confirmation of a foreclosure sale if the amount bid is so inadequate as to shock the conscience of the court." In the lower court and on appeal, defendant contends that the property was worth more than $330,000 at the time of the foreclosure. In support of this statement, defendant provided a listing from Zillow. Even accepting that value as accurate, the purchase price of the property and the subsequent money judgment does not shock the conscious. The initial mortgage had a value of $255,290. Plaintiff purchased the property for almost the same amount as the mortgage. Plaintiff had a right to collect on the unpaid debt. The court did not err in entering the money judgment against defendant.

Affirmed.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien

---

[4] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority[.]" *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).